## Foulke *et al.* *versus* Commonwealth.

Where there is a regular, formal forfeiture of a recognisance, the liability of the recognisors is absolutely fixed thereby, and relief therefrom must be sought by petition to the court, to respite the cognisance for cause to be shown, under the provisions of the Act of 1783.

May 13th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and WOODWARD, JJ., absent.

9 NORRIS—17

90　　257
19 SC　　9
90　　257
36 SC　237

[Foulke *v.* Commonwealth.]

Error to the Court of Common Pleas of *Cumberland county :* Of May Term 1879, No. 160.

Scire facias sur recognisance from the Court of Oyer and Terminer of said county.

Charles H. Foulke was, indicted at the August session of 1878, of the Court of Oyer and Terminer of Cumberland county for arson. He was subsequently arrested, and entered into a recognisance with Peter Spahr and Stephen F. Weakley, in the sum of $2000, conditioned for his appearance at the November sessions following, to answer the indictment. At the time fixed for his appearance, he failed to appear. An application was made to the court by his sureties for a continuance on the ground that Foulke was confined to his bed by sickness in Colorado, and an offer was made to renew the recognisance for his appearance at the next term of court. This application was refused, and the recognisance forfeited. Suit was brought on the forfeited recognisance in January 1879, and the sureties filed affidavits of defence, averring their ability to prove that Foulke was sick and unable to travel at the time fixed for his appearance, and that after his recovery from his sickness he was deterred from returning by letters received from the attorneys of the Commonwealth advising him not to appear. A rule was taken to show cause why judgment should not be entered by reason of the insufficiency of these affidavits, and on March 19th 1879, the court made the rule absolute, and entered judgment against the sureties for the amount of the recognisance with interest and costs. The sureties then took this writ and assigned this action for error.

*J. M. Weakley,* for plaintiffs in error.—The court below in overruling the affidavit of defence practically decided that no equitable defence could be offered to a suit on a forfeited recognisance. It was proposed to prove that at the time fixed in the recognisance for the appearance of Charles H. Foulke to answer the charge of perjury, he was confined to his bed by sickness, unable to travel or to be brought into court. In Scully *v.* Kirkpatrick, 29 P. F. Smith 331, the same question was raised on the trial in the court below on an offer of evidence in almost the identical words of the affidavit of defence in the present case, which was rejected. On a writ of error, the decision of the court below was reversed, and it was held that the facts offered constituted an equitable defence to the action on the forfeited recognisance, and that the offer should have been admitted. If the facts were proved to the satisfaction of a jury, it would be conclusive that Charles H. Foulke was prevented by the act of God from appearing at the time fixed by his recognisance, and under the ruling in Scully *v.* Kirkpatrick, his sureties would be discharged from their liability. See also Dickey ·*v.* Linscott, 7 Shep. 453; Knight *v.* Bean, 9 Id. 536; Fenton *v.* Clark, 11 Vt. 560; Fuller *v.* Brown, 11 Metc. 440; Fahy *v.*

[Foulke v. Commonwealth.]

North, 19 Barb. 342; Wolf v. Howes, 24. Id. 174; Jarrel v. Farris, 6 Mo. 159; People v. Manning, 8 Cowen 297.

*G. S. Emig* and *S. Hepburn, Jr.,* for defendant in error.—It was competent for the Court of Quarter Sessions to inquire into the ground on which the defendant asked for a continuance, and it is presumed that the court did so inquire, and upon proper inquiry, overruled the application for a continuance, and directed the forfeiture of the recognisance; and this is in substance, admitted in the affidavits of defence. "Even were the amendment erroneous, the regularity could not be inquired into in a collateral proceeding:" Rhoads v. Commonwealth, 3 Harris 277. "The forfeiture of the recognisance fixes the liability:" Mishler v. Commonwealth, 12 P. F. Smith 59; Fox v. Commonwealth, 1 W. N. C. 243.

The judgment of the Supreme Court was entered May 26th 1879,

PER CURIAM.—In Scully v. Kirkpatrick, 29 P. F. Smith 331, there was no forfeiture of the bond. The very groundwork of the decision was that the judge had no power to decree such forfeiture, or enter it of record. Here there was a regular, formal forfeiture of the recognisance. The liability of the recognisors was absolutely fixed by it: Mishler v. Commonwealth, 12 P. F. Smith 59. Their remedy was by petition to the court below to respite the recognisance. They could have done this under the Act of 1783. Besides, the affidavit showed no good reason why the defendant Foulke did not appear and offer to submit himself to trial, on which alone would there be any ground to respite the recognisance. Letters written to him by the counsel for the Commonwealth certainly were no reason.

Judgment affirmed.