## COMMONWEALTH v. ADAM OBLENDER ET AL.

APPEAL BY W. C. KNEEZEL, ADMR., FROM THE COURT OF
COMMON PLEAS OF LANCASTER COUNTY.

Argued May 20, 1890—Decided June 2, 1890.
[To be reported.]

When a recognizance in the Court of Quarter Sessions, by which a defendant is bound to appear and "not depart the said court without leave," is forfeited and respited from term to term, the liability of the bail is fixed when the forfeiture is first adjudged, and it is not affected by any subsequent proceedings on the indictment against the principal; any relief after the forfeiture is a matter of grace and not of right.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK and McCOLLUM, JJ.

No. 152 January Term 1890, Sup. Ct.; court below, No. 30 April Term 1888, C. P.

On March 27, 1888, assumpsit was brought in the name of the commonwealth, for the use of the county of Lancaster, against Adam Oblender and Philip F. Blessing. On October 14, 1889, the death of Philip F. Blessing was suggested, and William C. Kneezel, his administrator, substituted. Issue. At the trial on December 2, 1889, it was made to appear that on October 6, 1886, Adam Oblender, being charged with embezzlement on the information of L. Rathvon, at a hearing had before Alderman Deen, a committing magistrate, on November 18, 1886, entered into a recognizance in the sum of $1,000, with Philip F. Blessing as his surety, conditioned for his appearance at the November term of the Court of Quarter Sessions, and that he should "not depart the said court without leave;" that on November 20, 1886, in the Court of Quarter Sessions, the recognizance was forfeited and respited to December 6, 1886; that this forfeiture and respite was entered on the back of the recognizance, as well as like entries each term until March 19, 1888, when the entry made was as fol-

*See Commonwealth v. Oblender, post, 536.

lows: "March 19, 1888, the defendant and his bail called three times in open court, and not appearing, the recognizance was absolutely forfeited."

The plaintiff offered in evidence the recognizance, and the "forfeitures and remittances on the back of the recognizance."

Objected to.

By the court: Objection overruled; exception.[4]

The plaintiff showed, also, that on November 25, 1887, a verdict of guilty was rendered on an indictment charging Adam Oblender with embezzlement, and that a rule for a new trial and in arrest of judgment was refused. The affidavit of defence made by Philip F. Blessing to the plaintiff's statement of claim in the present case was also put in evidence, showing that Blessing in his lifetime had admitted that he had entered into the recognizance in suit.

The plaintiff having rested, the defendant, Kneezel, offered in evidence certain portions of the record of the cause in the Quarter Sessions against Adam Oblender, to wit: the information, made October 2, 1886, charging embezzlement of the moneys of Monterey Lodge, No. 242, I. O. of O. F.; also, indictment to No. 149 November Sessions 1886, a demurrer thereto, and an abandonment of said indictment as defective; also, indictment to No. 98 April Sessions 1887, a demurrer thereto, with opinion of the court sustaining the demurrer on August 13, 1887; also a third indictment to No. 129 August Sessions 1887, charging embezzlement under § 107, act of March 31, 1860, P. L. 409; also, the recognizance book, where the entry of March 19, 1888, was as follows: "The defendant being called three times in open court, and his bail, William Blessing, being called three times in open court, and failing to produce the body of Adam Oblender, the recognizance was absolutely forfeited, and process issued."

These offers were all objected to.

By the court: Objections sustained; exceptions.[5 to 11]

The court, PATTERSON, J., charged the jury as follows:

This is an action of assumpsit, and hence is allowed to be sustained under the act of assembly of 1887. Previous to that act, we presume the action would have been different; but we think it is sustainable, and therefore we have heard the evidence under it.

Charge of Court below.

The plaintiff showed the recognizance on which this action is brought, the recognizance taken in the prosecution of the commonwealth against Adam Oblender for embezzlement, and he, with his bail, P. F. Blessing, are sued; but Blessing being deceased his administrator cum testamento annexo is on the record here, William C. Kneezel. [Adam Oblender and Philip F. Blessing gave their bail of recognizance, which is in the sum of $1,000, conditioned that Adam Oblender be and appear in proper person at the next Court of Quarter Sessions of the Peace to be held in the city of Lancaster, on the third Monday in November, 1886, at ten o'clock. That transcript was filed in court on November 19, 1886; and the plaintiff then showed continuances of that recognizance, at every term, and the forfeiture of that recognizance and the respite of it, that is taking off the forfeiture. Had not the court taken off that forfeiture it would have died; but when forfeited it was respited to the next sessions, or to whatever time the next session was held, to November 20, 1886, to December 18, 1886, January 22, 1887, March 12, 1887, April 23, 1887, June 11, 1887, August 20, 1887, October 8, 1887, November 26, 1887, December 17, 1887, January 19, 1888, January 28, 1888, February 4, 1888, February 25, 1888, and on March 19th, the following entry was made on the back of the recognizance: "March 19, 1888. The defendant and his bail being called three times in open court and not appearing, the recognizance was absolutely forfeited."] [12]

[Now, although it is stated here to you, gentlemen, that there was an error in the entry of this recognizance in the recognizance book, we hold that the entry is sufficient; that, at most, it was a mere slip or misprision of the clerk of the court in making an entry of the recognizance.] [13] Besides, first, it is shown he was bail before the alderman for the appearance of Oblender, and then there are shown continuances, after forfeitures, on ten different occasions; and, finally, they showed an absolute forfeiture, "the defendant and his bail" being called three times in open court, and we hold that to be sufficient to identify Blessing as his bail, and to hold his estate for this obligation, he having died and his administrator having been substituted; and, under the whole testimony, we say to you that your verdict should be for the plaintiff and against William C. Kneezel, administrator c. t. a. of Philip F. Blessing.

Arguments.

[On that recognizance the plaintiff asks a verdict for the sum of $1,102.50; and under the facts we so instruct you to find against William C. Kneezel, admr. of Philip F. Blessing, and render your verdict in that way, if you believe that this Philip F. Blessing was the bail of Adam Oblender, and that his recognizance was forfeited, as we have stated. His signature is here on the recognizance, and on the back of that, that he and his bail were called, and we hold *that*, in a recognizance, to be sufficient to identify his bail, Philip F. Blessing, as the bail on the recognizance.] [14] He knew, under the act of assembly, he assumed to have him present, or to pay that $1,000. It is in evidence that he was absent and did not appear, and hence Blessing became responsible.

The defendant Kneezel requests the court to charge:

1. The judgment of the Court of Quarter Sessions on the demurrer in favor of the defendant, Adam Oblender, on the indictment found upon the complaint on which the recognizance in this suit was taken, discharged him and his surety, Blessing, from any further liability thereon, and the verdict must be for the defendant.

Answer: We deny that point.[1]

2. Under the pleadings in this case the plaintiff cannot recover.

Answer: We refuse that point.[2]

3. Under the law and the evidence in the case, the verdict must be for the defendant.

Answer: No, to that point.[3]

The jury returned a verdict in favor of the plaintiff and against William C. Kneezel, administrator c. t. a., etc., for $1,102.50. Judgment having been entered, said defendant took this appeal, assigning for error:

1–3. The answers to the defendant's points.[1 to 3]

5–11. The refusal of the defendant's offers.[5 to 11]

12–14. The portions of the charge embraced in [ ] [12 to 14]

*Mr. Charles I. Landis* and *Mr. J. Hay Brown,* for the appellant:

1. The liability of sureties in recognizances is strictissimi juris. They are held to be bound as far as they distinctly bind themselves, but their responsibility cannot be extended by con-

struction beyond the terms of their agreement: Murfree on Official Bonds, §§ 620, 646. Recognizances being for an appearance at the next, and not at every succeeding sessions, they are to be discharged at the end of the term of appearance by committing the defendant, delivering him on new bail, or setting him at large ; but to avoid the trouble of renewing the security, it is sometimes the practice, when the bail consents, to forfeit the recognizance till the next term: Keefhaver v. Commonwealth, 2 P. & W. 243; People v. Clery, 17 Wend. 374; Mishler v. Commonwealth, 62 Pa. 56.

2. In the latter case, the court distinguished between a default before and after trial; but it is not pretended that Oblender failed to respond at any one of the terms to which the case was continued, up to November 25, 1887. The record shows that he appeared and stood his trial, which was in effect a surrender. But if our position in regard to this is untenable, we submit that even then the bail is not liable in this case. A demurrer to the second indictment was sustained, and judgment was entered for the defendant. When this judgment was entered, no other proceeding was pending against Oblender in the Court of Quarter Sessions, and he was then entitled to his discharge: Commonwealth v. Fitzpatrick, 121 Pa. 109. Moreover, the third indictment was for a crime entirely different from that charged in the information, as it charged a felony instead of a misdemeanor; and, further, it was found after the judgment had been entered upon the demurrer, upon which the defendant was entitled to be discharged without day.

*Mr. B. F. Davis* (with him *Mr. George A. Lane* and *Mr. A. F. Shenck*), for the appellee :

1. The offers made by the defendant below were all for the purpose of showing that the recognizance was improperly forfeited. This he could not do in the suit in Common Pleas. The forfeiture was a judgment of the Court of Quarter Sessions, and the defendant's only remedy, if it was erroneous, was to have it corrected in that court on a proceeding to strike off the forfeiture: Shriver v. Commonwealth, 2 R. 206; Pierson v. Commonwealth, 3 Gr. 314; Foulke v. Commonwealth, 90 Pa. 257; Commonwealth v. Nowland, 10 S. & R. 355.

2. It was not error to admit in evidence the recognizance,

Opinion of the Court.

and the entries upon the back of it, and to exclude the recognizance book. The recognizance itself is the record, not the minute book; and the mistake of the clerk in the entry on the recognizance book could not affect the record itself: Rhoads v. Commonwealth, 15 Pa. 276; 2 Bl. Com., 341: 1 Chitty Cr. Law, *90; Hartman's App., 21 Pa. 488; Myer v. Vernon, 10 W. N. 138; Erb v. Scott, 14 Pa. 20; Clemens v. Horton, 13 W. N. 504; Hamner v. Griffith, 1 Gr. 193; Morris v. Galbraith, 8 W. 166.

PER CURIAM:

The recognizance which Philip F. Blessing entered into as bail for Adam Oblender, in the Quarter Sessions of Lancaster county, was conditioned for the appearance of the said Adam Oblender in the said court on the third Monday of November, and that he "should not depart the said court without leave." The record shows that at the same term of the court, to wit, on November 20, 1886, the said recognizance was forfeited, and respited to December 6, 1886. The record further shows that at each following term, to March Term 1888, the said recognizance was forfeited and respited. On March 19, 1888, we find the following entry: "The defendant being called three times in open court, and his bail being called three times in open court, and failing to produce the body of Adam Oblender, the recognizance was absolutely forfeited, and process issued."

The case was argued upon the theory that the bail was not forfeited until March 19, 1888. This, however, was not the case. The bail was forfeited on November 20, 1886, and the liability of Blessing was then and there fixed. The respite, as it is called, was for the benefit of the bail, and presumably at his request. The legal effect of it was to prevent suit upon the recognizance at the time, and give him until the next term to bring in his principal. Without a respite, or some similar order, suit could have been brought at once upon the recognizance after the forfeiture of November 20th. His liability, as before observed, was then fixed, but with a stay of proceedings. But that liability did not depend upon the subsequent proceedings upon the indictment. Any relief thereafter became a matter of grace, not of right. It follows logically that it was

not error to exclude the offer of the record of the subsequent proceedings in the Quarter Sessions against Oblender. Nor is error perceived in the charge of the court or the answers to points. As the case stood, it was proper to instruct the jury to find for the plaintiff for the amount of the recognizance.

Judgment affirmed.

