# Commonwealth *v.* Cohen, Appellant.

*Criminal law—Bail—Remission of forfeiture—Discretion of court—Fornication and bastardy.*

Where a defendant indicted for fornication and bastardy fails to appear for trial and his bail is forfeited, but subsequently on the same day surrenders himself and is tried and convicted, the court cannot be charged with abusing its discretion in remitting only a portion of the forfeited recognizance and not the whole, where it appears that the mother of the bastard was a woman of weak mind.

Argued Dec. 8, 1902. Appeal, No. 165, Oct. T., 1902, by defendant, from order of C. P. Lebanon Co., Sept. T., 1901, No. 18, making absolute rule for judgment for want of a sufficient affidavit of defense. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for forfeited recognizance.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

On reargument EHRGOOD, P. J., filed the following opinion :

It is claimed by counsel for defendants that the discretion of the court, in this case, was arbitrarily exercised, and that, instead of directing conditionally a judgment against the de-

fendants, the entire amount of the forfeited recognizance should have been remitted, and especially as against the surety.

: The case in which the principal was charged, and afterwards convicted, of fornication and bastardy, is by no means the ordinary case. The prosecutrix is a weak-minded woman, who is herself a burden to her relatives without a bastard child. The father of a bastard child with such a woman ought not and cannot expect the very favorable consideration at the hands of the court asked for by him, and he who becomes the bail of such a man voluntarily assumes the risk of placing himself in the position in which the bail in this case now finds himself.

In New York it is held that when, after a forfeiture, the accused appears, is tried and sentenced to pay a fine, and pays the fine, the forfeiture will be remitted: People v. Brady, 7 N. Y. Supp. 661; People v. Pearlstein, 7 N. Y. Supp. 662; People v. Madden, 8 N. Y. Supp. 531. The remission of a forfeited recognizance should only be allowed for good cause shown; the rearrest and conviction of the accused is not sufficient: State v. Warwick, 3 Ind. App. 508.

In Bross v. Commonwealth, 71 Pa. 262, the defendant pleaded "Not guilty" to an indictment charging him with adultery; a jury was empaneled, the defendant was called, and, not appearing, the recognizance was forfeited. The court ordered the trial to proceed and issued a bench warrant, under which the defendant was brought into court while the trial was progressing. He was found guilty and sentenced to pay a fine and be imprisoned for nine months. On the same day a motion was made on behalf of the defendant and his surety that the forfeiture be remitted. The motion was refused.

Under a statute allowing the remission of the whole or part of the sum specified in a forfeited recognizance upon the appearance or the arrest of the accused, it was held that the court had power to remit part of the penalty and enter judgment for the balance: Lee v. State, 25 Tex. App., 331 (S. W. Repr. 277).

The 2d section of the act of December 9, 1783, 2 Sm. L. 84, provides that both the quarter sessions and the common pleas are "empowered to order the said recognizances to be levied, moderated or remitted on hearing the circumstances of the case, according to equity and their legal discretion."

The discretion vested in the courts, and from which there is no appeal, is not an arbitrary but a legal discretion, based upon the equity of each particular case.

The recognizance in this case was regularly forfeited in default of the appearance of the principal therein bound in the presence of one of his counsel, who had no explanation to offer for the absence of his client. On the same day, however, the defendant voluntarily appeared, was tried and convicted. Taking into consideration only the defendant and his surety and viewing the case from their standpoint, equity would dictate the remission of the entire recognizance upon payment of costs, but viewing it from the standpoint of the injured and weakminded prosecutrix, a remission of the entire recognizance would just as clearly be inequitable. In our former order we had given the defendant an opportunity to show his willingness to fully comply with the sentence. He has failed to take advantage of the conditional order. Under the circumstances we cannot remit the whole amount of the recognizance, but we believe that the remission of a part thereof will do equity between the parties and will be the exercise of the legal discretion vested in the court.

And now, March 14, 1902, the order of January 9, 1902, is revoked and set aside, and it is now ordered and directed that the sum of $200 of the forfeited recognizance be and the same is hereby remitted, and judgment is directed to be entered in favor of the plaintiff and against the defendants for the sum of $300 for want of a sufficient affidavit of defense.

*William H. Sadler*, for appellant.

*Thomas H. Capp*, with him *E. E. McCurdy*, for appellee.

PER CURIAM, January 20, 1903:

Upon a recognizance entered in the quarter sessions, a scire facias was issued in the common pleas. Judgment was entered for want of a sufficient affidavit of defense for the full amount of the recognizance. Upon a motion for a reargument, the court, however, in an opinion covering the entire case, remitted the forfeited recognizance to the extent of $200 and entered judgment for the balance.

The only error complained of is that the entire amount of the recognizance was not remitted by the court below.

There is no question as to the original forfeiture. The defendant was not present when called for trial. He subsequently appeared, was tried and convicted but failed to comply with the judgment of the court. A scire facias was then issued upon the forfeited recognizance in the common pleas. The authority for this and the power of the court over a forfeited recognizance are both regulated by section 2 of the act of December 9, 1783, 2 Sm. L. 84, which is as follows: "That all recognizances, forfeited in any court of quarter sessions of the peace within this commonwealth or in the sessions held for the city of Philadelphia, shall and may be sued for and be recoverable in the court of common pleas of that county in which the said recognizances shall be forfeited respectively, which courts may, and they are hereby empowered, to order the said recognizances to be levied, moderated or remitted on hearing the circumstances of the case, according to equity and their legal discretion." The authority of the court is herein very broadly stated. This authority is not denied by the appellant but he insists that the court did not act within the limits of a sound judicial discretion.

After a careful consideration of all the facts of the case, and especially of the opinion of the court filed after the reargument of the motion for judgment, we are of the opinion that the case was properly disposed of. There were unusual equities involved in the case, with which the court seems to have dealt in a manner favorable to the defendant and entirely within the well settled principles governing the exercise of a legal discretion. We are not disposed, even if there were warrant for so doing, to interfere with the disposition of the case, as finally made.

Judgment affirmed.