Commonwealth, Appellant, *v.* Real Estate Title, Insurance & Trust Company of Philadelphia.

*Criminal law—Forfeiture of recognizance—Discretion of court—Appeals.*

The mere forfeiture of a recognizance by the court of quarter sessions is not such a judgment as passes from the control of the court at the close of the term.   The final disposition of a recognizance is left to the discretion of the court.

The court does not abuse its discretion in remitting the forfeiture of a

recognizance given by a mother to secure the release of her son charged with .a misdemeanor, where it appears that after the son became a fugitive from justice, the mother died, that her executor ascertained that the son was in jail on another charge, and lodged a detainer for him, and that the prisoner was subsequently acquitted of the charge, as to which the recognizance was given.

A prosecutor in a criminal charge has no standing to appeal from an order of the court of quarter sessions, remitting the forfeiture of bail entered to secure the appearance of the prisoner to answer the criminal charge.

Argued Dec. 10, 1902.　Appeal, No. 141, Oct. T., 1902, by Henry Korn, from order of Q. S. Phila. Co., Dec. T., 1901, No. 2, remitting the forfeiture of bail in case of Commonwealth (Henry Korn, Prosecutor,) v. Real Estate Title, Insurance & Trust Company of Philadelphia, Executor of Eliza Coughlin, Deceased.　Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.　Affirmed.

Application to remit forfeiture of bail.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Horace M. Rumsey*, for appellant.—The appellant has a standing to take the appeal: Com. v. Gaul & Reed, 2 Woodward's Dec. 70; Harres v. Com., 35 Pa. 416; Bross v. Com., 71 Pa. 262; Com. v. Bird, 144 Pa. 194; Hart v. Cooper, 129 Pa. 297; Grieb v. Kuttner, 135 Pa. 281; Morch v. Raubitschek, 159 Pa. 559.

There must be a time when the power of a court to open its judgments, obtained adversely, ceases.　It cannot be done after the end of the term at which the judgment is entered: Catlin v. Robinson, 2 Watts, 373; Stephens v. Cowan, 6 Watts, 511; Ullery v. Clark, 18 Pa. 148; Mathers v. Patterson, 33 Pa. 485; Syracuse Pit Hole Oil Co. v. Carothers, 63 Pa. 379; King v. Brooks, 72 Pa. 363; Conrad v. Commercial Mut. Ins. Co., 81* Pa. 66; Lance v. Bonnell, 105 Pa. 46; Hill v. Egan, 2 Pa. Superior Ct. 596; Hill v. Harder, 3 Pa. Superior Ct. 473; Fisher v. Hestonville, etc., Pass. Ry. Co., 185 Pa. 602; Dean v. Munhall, 11 Pa. Superior Ct. 69; Com. v. Krause, 198 Pa. 391.

It is contended by the appellant that the forfeiture of a bail bond is judgment of equal dignity with other judgments, and that suit upon the recognizance is merely carrying into effect the judgment: Com. v. Commissioners of Phila. County, 8 S. & R. 154; Respublica v. Cobbet, 3 Dallas, 467; Mishler v. Com., 62 Pa. 55; Foulke v. Com., 90 Pa. 257; Com. v. Oblender, 135 Pa. 530; Com. v. Flomenhaft, 3 Pa. Superior Ct. 566; People v. Bennett, 136 N. Y. 482 (32 N. E. Repr. 1044); Hangsleben v. People, 89 Ill. 164; People v. Witt, 19 Ill. 169; Com. v. De-Burt, 7 Pa. Superior Ct. 230; Shriver v. Com., 2 Rawle, 206; Dale v. Com., 42 S. W. Repr. 93.

The remission of a forfeited recognizance is not to be favored unless good reason exist in equity and good conscience: Com. v. Luther, 1 Woodward's Dec. 309.

*Robert S. Bright*, with him *John Sparhawk, Jr.*, for appellee.— Where the bail brings in the defendant before the commonwealth has suffered by reason of delay, the remission is usually a matter of course, for it would be intolerable that a bond, whose sole purpose was to secure the production of a supposed criminal, should be used for the sacrifice of an innocent surety: Com. v. McAnany, 3 Brewst. 292.

That appellant has no interest in this case is clearly shown in Com. v. Winpenny, 2 Pearson, 107, and Com. v. Shick, 61 Pa. 495.

The appellee contends that the forfeiture of a recognizance is not a judgment, but if it is a judgment, it is surely not more than a judgment of confession or default: Hill v. Egan, 2 Pa. Superior Ct. 596.

OPINION BY BEAVER, J., February 11, 1903:

John Coughlin, indicted in the quarter sessions of Philadelphia county, for a misdemeanor, for whose appearance Eliza Coughlin was bail, fled the jurisdiction of the court. The recognizance was forfeited and suit for its recovery commenced in the said court. Eliza Coughlin having in the meantime died, the Real Estate Title Insurance & Trust Company, her executor, filed an affidavit of defense. During the pendency of said suit, the defendant, having learned that Coughlin was a prisoner in the Philadelphia County Prison, caused a bail piece to be issued

to it as executor, and lodged the same as a detainer. On the trial, Coughlin was acquitted. Subsequently the defendant presented a petition, asking for the remission of the forfeiture of the bail bond and, upon the hearing thereof, the forfeiture was remitted with the proviso that the commonwealth costs be first paid by petitioners. From this order or decree Korn, who was the prosecutor in the original charge against Coughlin, appealed. The ground of his appeal, as stated by him in the question involved, is that the court had no power "to remove the judgment of forfeiture of a bail bond after the term in which the judgment of forfeiture had been entered."

Assuming for the present that the appellant can be heard here, he seems to overlook the act of assembly conferring the power over forfeited recognizances upon the court below. The 2d section of the Act of December 9, 1783, 2 Sm. L. 84, provides: "That all recognizances forfeited in any court of quarter sessions of the peace within this commonwealth or in the sessions held for the city of Philadelphia shall and may be sued for and be recoverable in the court of common pleas of that county in which the said recognizances shall be forfeited respectively, which courts may, and they are hereby empowered to order the said recognizances to be levied, moderated or remitted on hearing the circumstances of the case, according to equity and their legal discretion." The mere forfeiture of the recognizance was not, therefore, such a judgment as passes from the control of the court at the close of the term. The final disposition of the recognizance is left to the discretion of the court, which in this case we think was undoubtedly judiciously exercised.

Has the prosecutor any standing as an appellant here? Has he any interest in the recognizance as such? In Com. v. Shick, 61 Pa. 495, it was held that a forfeited recognizance "is a debt to the commonwealth to which none but she or her representative, the county, has any title or claim, until a distribution has taken place under the Act of April 22, 1846," P. L. 476, sec. 4, et seq., Bright. Purd. 912. In that case, Mr. Justice AGNEW said: "The right of Hanstetter, the prosecutor, to sue out this writ of error depends on his interest in the recognizance and this is the question to be determined on the second assignment of error. If he had a vested interest in the recog-

COM., Appellant, v. REAL ESTATE TITLE, ETC., CO. 239

235, (1903).]          Opinion of the Court.

nizance, the governor could not remit it and he had a right to remove the proceedings which set aside his execution; but clearly he had none. The recognizance was that of bail forfeited for a default of his principal to answer a criminal charge."

On either ground, therefore, we cannot see that the appellant has any standing here. The order of the court below is affirmed and the appeal dismissed at the costs of the appellant.