## Commonwealth *v.* Harvey, Appellant.

*Bail—Recognizance—Forfeiture—Quarter sessions—Common pleas—Discretion of court—Remittance of forfeiture.*

The court of quarter sessions' decree of a forfeiture of a recognizance is conclusive in proceedings on the recognizance in the court of common pleas. In the latter court the question of the breach of the recognizance cannot be raised.

Under the Act of December 9, 1783, 2 Sm. L. 84, the courts of common pleas have a discretionary power to remit a forfeiture of a recognizance, but the Supreme Court will not review the discretion of the common pleas in refusing to remit a forfeiture where the ground for relief alleged was that the defendant appeared at court and remained until the indictment against him was ignored by the grand jury, and that it had been the uniform and unbroken practice in the county in question to regard the report of a grand jury, ignoring the bill of indictment, as ipso facto, a discharge of the defendant; and the refusal to review such discretion will be considered by the Supreme Court even more proper where it appears that the case still continued under the control of the court below after the ignoring of the indictment, and was formally continued for action upon it by a subsequent grand jury.

The averment in such a case as to the practice in the quarter sessions might have been taken into consideration by the court below as a reason for exercising its legal discretion in moderating or remitting the forfeiture, but it was not required to do so.

Argued June 1, 1908. Appeal, No. 5, May T., 1907, by defendant, from decree of C. P. Dauphin Co., March T., 1906, No. 79, making absolute rule for judgment for want of a suf-

ficient affidavit of defense in case of Commonwealth v. Frank Harvey and the Title Guaranty & Trust Company of Scranton, Pa. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a recognizance. Before KUNKEL, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

*Error assigned* was rule for judgment for want of a sufficient affidavit of defense.

*Hargest & Hargest,* with them *Trautman & Llewellyn,* for appellant.

*John Fox Weiss,* with him *W. H. Middleton* and *W. H. Musser,* for appellee.

OPINION BY MR. JUSTICE BROWN, June 23, 1908 :

The appellant entered into a recognizance for the appearance of Frank Harvey at the January Term, 1906, of the court of quarter sessions of Dauphin county. It was forfeited, and in this suit upon it the question of its breach cannot be raised. The court of quarter sessions' decree of forfeiture is conclusive in the proceedings in the common pleas : Shriver v. Commonwealth, 2 Rawle, 206 ; Rhoads v. Commonwealth, 15 Pa. 272 ; Pierson v. Commonwealth, 3 Grant, 314 ; Commonwealth v. Basendorf, 153 Pa. 459.

By the Act of December 9, 1783, 2 Sm. L. 86, the courts of common pleas are empowered to levy, moderate or remit recognizances forfeited in the courts of quarter sessions " on hearing the circumstances of the case according to equity and their legal discretion ; " and this court may hear appeals from orders or judgments of said courts on such forfeited recognizances. The affidavit of defense in this case is but an appeal to the discretion of the court below to remit the forfeiture of the recognizance. No legal defense is set up in it, and the court committed no error in refusing to exercise the discretion given by the act of 1783. The condition of the recognizance

was that Harvey would appear and "not depart the said court without leave." His failure to appear, or his departure after appearing without leave of court to go, was a breach of it. "The mere appearance of a defendant and then departing without such leave, clearly does not release the surety: Commonwealth v. Coleman, 2 Metcalf (Ky.), 382; Star v. Commonwealth, 7 Dana, 243; The State v. Gorley, 2 Clarke (Iowa), 52; Humphrey v. Kasson, 26 Vermont, 760. It is the express condition of the recognizance that he shall appear and not depart the court without leave. It is at all times in the discretion of the court, at any stage of a criminal trial, to call the defendant and forfeit his recognizance: The People v Petry, 2 Hilton, 523; The People v. Blankman, 17 Wend. 252; Gildersleeve v. The People, 6 Barb. 35; Wilson v. The State, 6 Blackf. 212; The State v. Stout, 6 Halst. 125:" Mishler v. Commonwealth, 62 Pa. 55.

The appeal of the defendant below to the discretion of the court to give it some measure of relief is based upon an averment that on the second day of the court, when the bill of indictment against Harvey was presented to and ignored by the grand jury, he was present and remained in court until the following day, ready to answer the charge that had been preferred against him and any other that might be preferred, but that the uniform and unbroken practice in the court of quarter sessions of the county was to regard the report of a grand jury ignoring a bill of indictment as ipso facto a discharge of the defendant, and to treat an entry upon the records of the court of such action by the grand jury as leave for him to depart. The uniform and unbroken practice in the court of quarter sessions is not a question in this proceeding by the commonwealth to recover for the use of the county on a recognizance actually forfeited. The averment as to such practice might have been taken into consideration by the court below as a reason for exercising its legal discretion in moderating or remitting the forfeiture, but it was not required to do so. Though the affidavit of defense avers Harvey's appearance in court and his remaining there until the third day, there is no averment that leave ever was given him to depart. On the contrary, it rather appears not only that such leave was not given, but, if it had been asked for, would have been refused.

The admission in the affidavit of defense is, that on January 11, 1906—the fourth day of the term—the case was continued to the next term, with leave to the district attorney to submit it again to a grand jury. The prosecution against Harvey was not concluded when the bill against him was ignored. It was still under the control of the court and was formally continued for action upon it by a subsequent grand jury. The defendant had not been acquitted, and in the interval he was to remain in the custody of the court: and not depart without leave, for that was the condition of his recognizance. Until such leave was obtained there was no exoneretur for his bail.

Judgment affirmed.                                    :