## Commonwealth, for use, v. Drocton.

*Criminal practice—Bail—Forfeiture—Remitting in part—Notice to prosecutor—Act of Dec. 9, 1783.*

1. Where defendant failed to appear at three consecutive terms of court, whereupon her bail was forfeited, and subsequently the surety procured her arrest and she was convicted and sentenced, the court will, on petition of the surety and under the power given by the Act of Dec. 9, 1783, 2 Sm. Laws, 84, remit so much of the forfeiture as will relieve the surety from payment of all in excess of costs and such sum as may be necessary to reimburse the court for the expense and inconvenience caused by the default of defendant.

2. Notice of petition to remit forfeiture should be given the prosecutor.

Petition to remit forfeited recognizance. C. P. Greene Co., March T., 1927, No. 77.

*O. R. Hughes,* for plaintiff; *James J. Purman,* for defendant.

SAYERS, P. J., May 31, 1927.—Helen Souskey, *alias* Helen Siviskey, was bound under recognizance, on which Leonard Drocton, the petitioner, was surety for her appearance at No. 16, June Sessions, 1926, of the Quarter

Commonwealth, for use, *v.* Drocton.

Sessions of Greene County, in the sum of $500, to answer the charge of unlawful possession of liquor. She failed to appear at June and also at September Sessions, 1926, and again at December Sessions, 1926, to which her case had been continued. On Dec. 7, 1926, her case was called and the recognizance was forfeited after calling the principal and bail three times in open court.

The recognizance was certified into the county commissioners' office on Jan. 3, 1927, suit was brought against the petitioner on Jan. 6, 1927, and the summons was served on him. On Jan. 14, 1927, the petitioner procured a bail piece and the next day arrested Helen Siviskey, and on Jan. 17th lodged her in the county jail.

On Jan. 17, 1927, she entered a plea of "guilty" to the bill of indictment and was sentenced to pay the costs of prosecution in the case and a fine of $100 to the Commonwealth, and was committed to jail until the sentence was complied with. She has paid the fine and costs and been discharged.

The petitioner, who was surety on her recognizance, filed his petition to the above number and term on Jan. 24, 1927, setting forth that he is a man of small means, with a wife and seven small children, a coal miner by occupation, and unable to bear the burden which would be imposed upon him by the recovery of judgment on said recognizance, and he prays that forfeiture of his recognizance will be remitted and that he be "relieved and discharged of his liability to answer in the action aforesaid," and also prays for "such other order and decree in the premises as to equity and justice may seem meet and proper in the exercise of legal discretion" by the court.

The district attorney has filed no answer to this petition, but he and A. A. Purman, Esq., for the county commissioners, waived issue and service of a rule to show cause, and the district attorney appeared at the argument and filed his brief. E. D. Patterson, former county detective, was the prosecutor in this case, and, so far as the record discloses, has received no notice of this proceeding.

The purpose of a recognizance in a criminal case is to secure defendant's appearance in court to answer the charge for which he stands indicted. The 2nd section of the Act of Dec. 9, 1783, 2 Sm. Laws, 84, under which this petition is presented, empowers the court "to order the said recognizance to be levied, moderated or remitted, on hearing the circumstances of the case, according to equity and their legal discretion."

It seems to have been the practice in this court for some time to have forfeited recognizances remitted on motion in open court, and it has so frequently been done that the practice has become almost an accepted custom. Recognizances have been respited and forfeitures remitted to the great inconvenience of the court and at the cost of the county and frequently on very flimsy excuses, or without any excuse at all, so far as the surety is concerned. The district attorney is frequently required to bring his witnesses back at a second or third term and finally to try a case without all of his witnesses because of the carelessness of defendants and sureties who ignore the conditions of their recognizances.

In order to avoid the trouble of renewing the security, it was formerly the practice, when the bail consented, to forfeit the recognizance and respite it until the next term: Keefhaver *v.* Com., 2 P. & W. 240, 244. It has been determined that where a recognizance is regularly forfeited, it will not be remitted without the consent of the district attorney: Com. *v.* Flucker, 11 Phila. 405; but if such were the unbending rule, the court would have very little of the discretion allowed it by the act of assembly.

Commonwealth, for use, v. Drocton.

In Mishler v. Com., 62 Pa. 55, 61, Justice Sharswood says, it being claimed that the forfeiture of the bail bond was invalidated as against the surety by subsequent respite: "It is not easy to perceive upon what principle mere indulgence thus accorded to the principal would discharge the bail. It is entirely for his benefit, for it cannot be doubted that if the principal should surrender himself and stand his trial at the term to which the case was continued, the Court of Common Pleas would remit the forfeiture, as they are authorized to do by the 2nd section of the Act of Dec. 9, 1783, 2 Sm. Laws, 84, according to equity and their legal discretion."

If the forfeiture is declared, relief thereon becomes a matter of grace and not of right: Com. v. Oblender, 135 Pa. 530. The liability of the recognizor becomes absolutely fixed and relief must be sought by petition, as in this case: Foulke v. Com., 90 Pa. 257; Com. v. Real Estate etc., Co., 22 Pa. Superior Ct. 235; Com. v. Brandt, 17 C. C. 138.

The courts have frequently refused to remit or modify recognizances: Com. v. Oblender, 135 Pa. 530; Foulke v. Com., 90 Pa. 257; Com. v. Cohen, 22 Pa. Superior Ct. 55; Com. v. Harvey, 222 Pa. 214; Com. v. McAnany, 3 Brewster, 292.

This case exhibits no particular merit, so far as the petitioner is concerned. Petitioner evidently did little or nothing to see that the defendant performed the condition imposed by the recognizance, and did not produce her in the Court of Quarter Sessions until after the forfeiture was declared. His poverty and the size of his family and the fact that he is a wage-earner of limited means should have been taken into consideration by him before entering into this recognizance. The disposition of the petitioner and other sureties in this court has been to treat a recognizance as "a mere scrap of paper." It has been further suggested by the district attorney that petitioner should allege in his petition that he was not hired to become a surety on this recognizance and that he has received no security from the defendant to indemnify him, as suggested in Com. v. Nestor, 19 York Leg. Record, 35; Mayne v. Fidelity, etc., Co., 8 Dist. R. 711.

Something must be done to remedy the trouble that has been frequently apparent in this court. Defendants, and their bail as well, should learn that a recognizance requires the appearance of the defendant at a specified time, and unless cause is shown why such appearance was impossible, the penalty in the bond or recognizance will be imposed. It is not necessary that the court enforce payment of the whole penalty, but only such as meets the reasonable demands and the equities of this particular case: Com. v. Gaul, 2 Woodward, 70; Com. v. Cohen, 22 Pa. Superior Ct. 55; Com. v. Stegmaier, 5 Kulp, 502.

The reasoning of the court in Com. v. Gaul, 2 Woodward, 70, 73, applies equally as well to this case. "But the recognizance was in $500 and the judgment has been entered for the full amount. There is no equitable reason why the whole judgment should be exacted. Upon the collection of the money, the law requires its payment into and its distribution by the court. After the application of the fund to costs, the counsel and the prosecutrix, there would remain a balance which no principle would justify the court in surrendering to the county. This would amount to the infliction upon Jacob Reed of a punishment for becoming Gaul's bail, more severe than that which would have been inflicted upon Gaul himself if he had been tried and convicted."

In cases of this kind notice of this application should be given to the prosecutor, who in this case is the county detective: Com. v. Brandt, 17 C. C. 138;

Com. *v.* Gaul, 2 Woodward, 70. Since he acts under the direction of the district attorney who appears here, the notice will not be required in this case.

Since preparing the above opinion, the court, upon examination of the record in the Quarter Sessions, finds that the defendant forfeited her recognizance at September Sessions, 1926, and it was respited on her petition.

## Order.

And now, May 31, 1927, for the reasons above set forth, it is ordered and directed that the order of forfeiture of the recognizance be modified and that petitioner pay the costs of this proceeding, amounting to $15.10, and the sum of $84.90 to the County of Greene to recompense it for the expense and inconvenience caused by the default of defendant and petitioner in this case, and the remainder of the sum declared forfeited, to wit, the sum of $400, is hereby remitted and the recognizor and petitioner, on complying with the above order, is hereby relieved of the payment of said sum, and judgment is hereby entered on said recognizance for $100, to be distributed as above set forth.

From S. M. Williamson, Waynesburg, Pa.