## Commonwealth v. Schouten

*Daniel E. Teeter*, for Commonwealth.
*J. Francis Yake, Jr.*, for defendant.

SHEELY, P. J., April 18, 1955.—Defendant was arrested on a charge of fraudulent conversion and gave bail for his appearance on January 31, 1953. He had previously indicated that he wished to plead guilty, but upon his appearance before the court he related facts which, if true, would have been a defense to the charge. Sentence was postponed until February 9, 1953, to give the parties an opportunity to check the facts. Bail in the sum of $1,000 was renewed gratuitously by W. E. Toddes at the request of defendant's minister. Defendant failed to appear on the later date, the bail was forfeited, and process was issued for his arrest.

Defendant was later apprehended in the Midwest but he fled that jurisdiction before he could be extradited. He was next located in California where he was taken into custody and from which State he was extradited upon proceedings instituted by the District Attorney of Adams County. To facilitate his return to Adams County, W. E. Toddes, the bondsman, advanced the sum of $600 to the district attorney to defray the expense of sending members of the Pennsylvania State Police to California to return the fugitive.

Defendant was returned to court in Adams County on June 14, 1954, and was sentenced to undergo an imprisonment in the Adams County Jail for a period of one year beginning May 11, 1954, and to pay the costs of prosecution. On December 20, 1954, the court ordered defendant paroled upon payment of all costs. Total costs in the amount of $998.50, which included the cost of returning defendant from California, have been paid and defendant has been released.

W. E. Toddes, the bondsman, has filed a petition praying that the forfeited recognizance in the amount of $1,000 be remitted and that the sum of $600 advanced by him be refunded. Rules to show cause were

served upon the county commissioners and the district attorney. An answer was filed by the district attorney admitting the above facts and alleging additional facts, but no answer was filed by the county commissioners. We may therefore accept the above facts, alleged in the petition or shown on the record, to be true.

The authority of the court, under the Act of December 9, 1783, 2 Sm. L. 84, 8 PS §171, to respite, moderate, or remit forfeited recognizances is clearly established by the decisions: Foulke v. Commonwealth, 90 Pa. 257 (1879) ; Commonwealth v. Harvey, 222 Pa. 214 (1908) ; even after the expiration of the term in which the forfeiture was entered: Commonwealth v. Real Estate Title, Insurance and Trust Company, 22 Pa. Superior Ct. 235 (1903), in which case it was said: "The final disposition of a recognizance is left to the discretion of the court . . .". All of the authorities are to the effect that whether, and to what extent, the discretion should be exercised depends upon the facts of the particular case. The discretion to be exercised must be a legal discretion; there must be some basis for the action: Commonwealth v. Cohen, 22 Pa. Superior Ct. 55, 57 (1903).

There are cases where there are extenuating circumstances which justify a remission or moderation of the forfeited recognizance. For example, where defendant was unable to appear because he was in jail in another jurisdiction (Commonwealth v. McMullin, 11 D. & C. 107 (1927) ), or where defendant appeared in court a day late, and his tardiness was unintentional (Commonwealth v. Goldberg, 37 York 186 (1924) ), or where the failure to appear was due to contradictory notices received from the district attorney and his own counsel: Commonwealth v. Yavelberg, 48 D. & C. 583 (1943). Likewise; where defendant was apprehended and returned to court through the

efforts of the surety: Commonwealth v. Myer Jacobs, 45 Lanc. 545 (1937) ; Commonwealth v. Drocton, 10 D. & C. 380 (1927) ; Commonwealth v. Emerson, 36 D. & C. 361 (1939). But, even in these cases, the surety was required to reimburse the county for its expenses and inconvenience. See Commonwealth v. Yavelberg, 48 D. & C. 583 (1943) ; Commonwealth v. Cohen, 22 Pa. Superior Ct. 55 (1903).

But where there are no extenuating circumstances, the forfeited recognizance should not be remitted. The rearrest and conviction of the accused alone is not sufficient: State v. Warwick, 3 Ind. App. 508. The purpose of the recognizance is to assure the presence of the party at the time appointed for his appearance, which is essential to the orderly administration of justice. A willful failure to appear at that time not only shows disrespect for the court and for the authority of the law, but it also results in inconvenience and expense to many persons and to the county. The default, of course, is that of defendant but the bondsman is the one who guaranteed his presence, and who must suffer for the default.

"The primary purpose of bail in a criminal case is not to increase the revenue of the State, or to punish the sureties, but to combine the administration of criminal justice with the convenience of the person accused but not proved to be guilty. Its object is to relieve the accused of imprisonment, and the State of the burden of keeping him pending the trial, and at the same time, to put the accused as much under the power of the Court as if he were in custody of the proper officer, and to secure the appearance of the accused so as to answer the call of the Court and do what the law may require of him": 6 Am. Jur. 61.

In the present case there is no excuse offered for the failure of the defendant to appear. His conduct would indicate that he was a fugitive from justice who

was willfully and defiantly evading the law. See Commonwealth v. Flowers, 32 Del. Co. 29. He was not apprehended through the efforts of the bondsman. The only extenuating circumstances are that the bondsman acted gratuitously and that he advanced the money to finance the return of defendant from California to Pennsylvania. We understand that the solicitor for the county commissioners had previously questioned the authority of the commissioners to advance expenses for the return of prisoners.

To adopt petitioner's theory that he should be exonerated from all liability on the forfeited recognizance merely because defendant was returned and punished would mean that the bondsman assumes no liability unless defendant *never* appears. But that was not his undertaking; his bond was that defendant would appear at a certain time. As stated by Judge Schaeffer of Lancaster County in In re Theveny's Bail, 84 D. & C. 90 (1952) : "If there would be no penalty for failure to appear there might be no necessity to require a bail bond." To remit forfeitures merely because the bondsman acted gratuitously would weaken the sanction of the recognizance to assure the appearance of defendants and would establish a dangerous precedent: Ruby's Bail, 12 D. & C. 582 (1928) ; Commonwealth v. Flowers, 32 Del. Co. 29.

Had the bondsman not advanced the cost of returning defendant from California, it is probable that defendant would have escaped punishment. He was under no obligation to do so, and the solicitor for the county commissioners had questioned their authority to do so. One of the reasons for granting authority to the court to remit or moderate forfeitures is to provide an incentive to the bondsman to make an effort to produce defendant. The bondsman here did coöperate with the Commonwealth. We believe that the ends of justice would be met in this case if the forfeiture

of the recognizance were moderated so as to make the total liability of the bondsman $750. The county has received reimbursement from defendant for the cost of returning him from California which included the sum of $600 advanced by the bondsman. The bondsman would therefore be entitled to credit for this amount and his outstanding liability would be $150.

And now, April 18, 1955, it is ordered and decreed that the forfeited recognizance of W. E. Toddes for the appearance of Gerard Schouten be moderated so as to make the total liability of the bondsman thereon $750, and it is directed that he be credited thereon with the sum of $600 advanced by him.