## Commonwealth v. Ketchum

*J. Francis Yake, Jr.*, for petitioner.

*Daniel E. Teeter*, for Commonwealth.

By SHEELY, P. J., April 15, 1961.—This is an application by a bondsman to have the forfeiture of the recognizance entered for the appearance of the above-named defendant remitted. Answers to the petition have been filed by the district attorney and the county commissioners.

Defendant was arrested on March 28, 1955, on a charge of operating a motor vehicle while under the influence of intoxicating liquor and, on March 30, 1955, he entered a plea of guilty to the charge before a justice of the peace. Bail in the amount of $1,000 was furnished by petitioner, W. S. Toddes, a professional bondsman, for the appearance of defendant in court on April 22, 1955. When defendant failed to appear on that date, his bail was forfeited and process was issued for his arrest. For some reason, not appearing on the record, the forfeited bail bond was not transmitted by the clerk of the courts to the county commissioners until October 17, 1960.

Defendant was never apprehended and died in Washington, D. C., on April 20, 1957. Because of his death, the indictment against him was nolle prossed on October 8, 1960. It later developed that defendant suffered from psychoneurosis and was a patient at the State Hospital for Mental Diseases in Broome County, N. Y., on at least four occasions subsequent to 1949, and was a patient there from April 20, 1955, until April 9, 1956. Thereafter, defendant lived in Binghamton, N. Y., and in Washington, D. C., and was living in the latter city on December 3, 1956.

The court was authorized by the Act of December 9, 1783, 2 Sm. L. 84, 8 PS §171, to respite, moderate or remit forfeited recognizances, and this authority was clearly established by the decisions: Foulke v. Commonwealth, 90 Pa. 257 (1879); Commonwealth v. Harvey, 222 Pa. 214 (1908). This authority was continued by section 1737 of The County Code of August 9, 1955, P. L. 323, 16 PS §1737, which provides, inter alia: "Nothing herein contained shall impair the right of the respective courts to moderate or remit forfeited recognizances as heretofore."

"The final disposition of a recognizance is left to the discretion of the court . . .": Commonwealth v. Real Estate Title, Insurance & Trust Company of Philadelphia, 22 Pa. Superior Ct. 235 (1903). All of the authorities are to the effect that whether and to what extent the discretion should be exercised depends upon the facts of the particular case. The discretion to be exercised must be a legal discretion; there must be some basis for the action: Commonwealth v. Cohen, 22 Pa. Superior Ct. 55, 57 (1903).

As we pointed out in Commonwealth v. Schouten, 3 D. & C. 2d 504, 506 (1955):

"There are cases where there are extenuating circumstances which justify a remission or moderation of the forfeited recognizance. For example, where de-

fendant was unable to appear because he was in jail in another jurisdiction (Commonwealth v. McMullin, 11 D. & C. (1927)), or where defendant appeared in court a day late, and his tardiness was unintentional (Commonwealth v. Goldberg, 37 York 186 (1924)), or where the failure to appear was due to contradictory notices received from the district attorney and his own counsel: Commonwealth v. Yavelberg, 48 D. & C. 583 (1943). Likewise, where defendant was apprehended and returned to court through the efforts of the surety: Commonwealth v. Myer Jacobs, 45 Lanc. 545 (1937); Commonwealth v. Drocton, 10 D. & C. 380 (1927); Commonwealth v. Emerson, 36 D. & C. 361 (1939). But, even in these cases, the surety was required to reimburse the county for its expenses and inconvenience. See Commonwealth v. Yavelberg, 48 D. & C. 583 (1943); Commonwealth v. Cohen, 22 Pa. Superior Ct. 55 (1903)."

Defendant in this case entered a mental hospital two days before he was due to appear in court. Had he later returned to court, the bondsman would undoubtedly be entitled to have the forfeiture of the bond remitted. Or, had the bondsman later returned defendant to court by his own efforts, or even made a strenuous effort to return him, he might be entitled to a moderation of the forfeiture. But here the bondsman did nothing to apprehend and return defendant. He apparently relied on the authorities to apprehend and return him, since he alleges in his petition that, although the district attorney made a diligent effort to locate defendant by correspondence, telephone and otherwise, apparently, due to unusual conditions, defendant was not apprehended and returned to this jurisdiction. He suggests that since defendant was in a mental hospital for a period of a year, it may be that the New York authorities hesitated to apprehend him. The fact remains, however, that defendant was out of

the hospital and at liberty for a year prior to his death, during which time he could have been apprehended and returned, and it was the obligation of the bondsman to produce him. He could not sit by and rely on the authorities to perform his obligation.

Another factor becomes important in this case. On December 28, 1956, Dr. Oswald H. Boltz filed with the district attorney an affidavit in which he diagnosed defendant's condition as psychoneurosis, anxiety type, with symptoms of depression, anxiety and tensions, without evidence of hallucinations, paranoid trends or other serious mental symptoms, but his condition appeared to have been caused by the stress and strain of the conditions under which he lived and worked. He stated that he had again examined defendant on December 26, 1956, when he was much more improved "but was again under severe mental strain by reason of the fact that he felt he might be sentenced to serve a period of time in jail in the State of Pennsylvania under a charge of operating a car while under the influence of alcohol." The affidavit contained other facts tending to mitigate the charges against defendant and to plead for leniency for him. Thus, it appears that defendant was purposely staying out of the jurisdiction of the court to avoid the possible consequences of the charge against him.

A review of the record in this case shows no mitigating factors justifying a remission or moderation of the forfeiture of the recognizance. Where a bondsman enters bail for the appearance of a defendant in a criminal case, he undertakes to have defendant present at the time appointed or to suffer the consequence of forfeiting the amount of the bail. He becomes a surety guaranteeing the appearance of defendant, just as an endorser on a note becomes a surety guaranteeing the payment of a note at the appointed time. As stated by Judge Schaeffer, of Lancaster

County, in In re Theveny's Bail, 84 D. & C. 90 (1952) :
"If there would be no penalty for failure to appear
there might be no necessity to require a bail bond."

And now, April 15, 1961, the petition to remit the
forfeiture of the recognizance in this case is denied.