## Commonwealth v. Yacoubian

*Michael J. Ehling*, for the Commonwealth.
*Francis R. Lord*, for defendant.

DIGGINS, *SR. J.*, February 18, 1983 — This matter arises out of the forfeiture of bail posted for a notorious criminal defendant, Richard Yacoubian, who was convicted in this court of numerous counts of theft related offenses which included the burglary of churches and synagogues as well as private homes in the course of which burglaries, sacred vessels, Torahs and family heirlooms were stolen and melted for their value. In this operation defendant sponsored a number of juveniles and young adults in widespread criminal activities while he served as a fence for the burglary ring.

There were innuendoes and auras of widespread illegal activities engaged in over the years by defendant. Having been convicted, defendant failed to appear for sentencing on May 20, 1982 at which time his bail was forfeited and his surety, George Yacoubian, his brother, pursuant to Pa.R.Crim.P.

4016A(1), was notified, and the forfeiture was ordered, certified and reduced to judgment.

The record shows that the bail was originally set at $75,000 with a requirement that ten percent be paid in cash for defendant's release on bail. The ten percent, $7500 was posted by George Yacoubian, brother of defendant. After the forfeiture, the bondsman, George Yacoubian failed to pay the balance of $67,500 as a result of which the County Solicitor had recourse to a personal property execution and having levied on the pharmacy business of the said surety, George Yacoubian, the sheriff was directed to padlock the business known as Coulson's Pharmacy at 66 Brookline Boulevard in Havertown, Haverford Township, Pa.

At the same time the business front was boarded up because it was a pharmacy business and although the sheriff had removed all narcotics and stored them at a county facility and deliberately saw to it that this fact was publicized, still there was the reasonable possibility that those in the drug culture not knowing that the drugs had been removed, would break in. Therefore the premises were heavily secured, which also protected the vulnerable plate glass windows.

Thereafter, this court, Diggins, J. entered an order freeing George Yacoubian's pharmacy from the levy, provided that the sum of $67,500 be paid. These terms were met and the pharmacy reopened.

Subsequently, defendant Richard Yacoubian, some months later, was apprehended and received consecutive sentences totalling 24 and a half years minimum to 49 years maximum plus a fine of $145,000 and restitution in the amount of $100,000 was ordered as well as costs of prosecution.

Thereafter, George Yacoubian through his counsel, filed a petition to remit or moderate forfeited bail

to which a responsive answer was filed and an exhaustive hearing held on the issue.

In the pleadings and at the hearing, the petitioner George Yacoubian acknowledged that although the original $7500, 10 percent was posted by him, it was the money of defendant, his brother, Richard Yacoubian and at the hearing testified that defendant and Richard Yacoubian had furnished the money to their mother who in turn had given the money to petitioner George Yacoubian who posted same.

In his petition and at the hearing, he makes no claim for the return or moderation of this sum but seeks moderation or return of the bail of $67,500. Petitioner asserts that the reason why the $7500 item was deposited in his name was so that this money would not be confiscated to satisfy any fines and costs or restitution at the conclusion of the case, although petitioner states that he did not know this fact at the time that he was asked to sign the recognizance. We do not find this credible.

Petitioner asserts that he is not a professional bondsman and that he executed the recognizance without full knowledge of its import and that he had no knowledge of his brother's intention to default. He further asserts that he had no knowledge as to the whereabouts of defendant after the default or access to any source of information that would have enabled him to effect apprehension of defendant.

Except for the statement that petitioner is not a professional bondsman, we find the foregoing lacking in credibility.

Petitioner further states that the $67,500 paid was raised by his liquidating joint assets of himself and his wife. He further avers that the costs of apprehending defendant was substantially less than $75,000. On this point the district attorney submit-

ted evidence to the effect that the expense of apprehension was $10,000. For the foregoing reasons, petitioner seeks a moderation or remittitur of the forfeited recognizance in the amount of $67,500.

As we set forth heretofore, this was a very notorious case. The implications, the extent of this illegal operation and its impact on society, were monumental and the inclusion in the illegal operation of young people greatly aggravated the offense.

There were also strong innuendoes of involvement in the drug traffic and the record shows that an effort was made at the trial to involve petitioner herein in the drug traffic. The trial judge ruled this out.

The sentence of 24 and a half to 49 years in prison plus a fine of $145,000 and $100,000 in restitution and costs, indicates the heinousness as the trial judge saw it at sentencing after being fully cognizant of all the facts not only from the trial but from the presentence investigation.

Nevertheless, this court now feels that in deciding this issue, it must disregard innuendoes and auras and rely fully and solely upon the record and apply the appropriate law.

The basis for relief of a forfeiture is to be found in Pa.R.Crim.P. 4016A(1)(c): "The issuing authority or the court may direct that a forfeiture be set aside upon such conditions as may be imposed if it appears that justice does not require enforcement of the forfeiture."

The foregoing provides the basic guidelines for the court's determination of the issue and the authorities are to the effect that whether and to what extent the discretion should be exercised depends upon the particular facts of the case and this discretion must be a legal discretion. There must be some

basis for the action. Commonwealth v. Cohen, 22 Pa. Super 55, 57 (1903).

These guidelines are well articulated in the case of Commonwealth v. Shauten, 3 D.&C. 2d 204 (1955), wherein it is stated:

"There are cases where there are extenuating circumstances which justify a remission or moderation of the forfeited recognizance. For example where Defendant was unable to appear because he was in jail in another jurisdiction . . ., or where Defendant appeared in Court a day late and his tardiness was unintentional . . ., or where the failure to appear was due to contradictory notices received from the district attorney and his own counsel . . . Likewise, where Defendant was apprehended and returned to Court through the efforts of the surety . . ."

There are other grounds for remission or moderation such as an inordinate and unreasonable lapse of time between the forfeiture and the surety's receiving notice thereof pursuant to the rules of criminal procedure.

Not a single one of the foregoing reasons for remission or moderation is present in the instant case.

The only reason for the default was the determination by defendant not to appear and to evade apprehension by disguise and other subtleties. The surety is his brother, George Yacoubian, petitioner herein and he did absolutely nothing to aid in the search for the fugitive defendant. This fact alone supports the conclusion that George Yacoubian knew that in the last analysis his money was not at risk. This is further buttressed by the fact that this petitioner knew when he posted bail that his brother was not to be trusted and presented a risk. Nevertheless, as heretofore pointed out, not a single one of the extenuating circumstances are present in this

case. The law is replete with precedent on the point. Com. v. Marks, 25 D.&C. 2d 267 (1961).

Of course, there are many cases in the Commonwealth where moderation and remission was ordered, but usually they occur where perhaps a mother is a bondsman and naively yields to pressure or does so out of the goodness of her heart. While George Yacoubian is a brother of the defendant Richard Yacoubian, we find no such motivation here.

Also moderation and remission has been ordered where the surety at great expense and effort, brought about the apprehension of defendant, which did not occur in this case.

Indeed, petitioner, George Yacoubian alleges no such efforts or expenditures and on deposition admitted that he relied upon the efforts of the law enforcement authorities. He further admitted that even though he had received telephone calls from his brother, his memory failed him as to whether these calls were received before or after Richard became a fugitive. The fact remains that he did not even seek the aid of the telephone company to trace such calls if they came. He certainly must have expected them.

The existence of a familial relationship, the fact that surety is not a professional bondsman and financial hardship, all are inadequate in supporting a remittitur or moderation of forfeited bail. Com. v. Jakub, 182 Pa. Super. 418, 128 A.2d 98 (1956), Com. v. Baker, 53 D.&C. 2d 597, 600 (1971).

It is further important that there be a penalty for failure to appear. In re Theveny's Bail, 84 D.&C. 90 (1952). We also find that petitioner by his own admission maintains a prosperous middle class life style and income; that he has a high level of education with a Bachelor of Science degree in pharma-

cology, being a licensed and registered pharmacist and a long time businessman which also indicates that he did know the responsibility of a bondsman and we think he knew the risk and who in the last analysis was taking it.

Therefore, we make the following

### ORDER

And now, this February 16, 1983, rule to show cause why the recognizance forfeited in the above-captioned matter should not be remitted or moderated, dated November 8, 1982 and returnable December 6, 1982, be and the same is hereby dismissed.