By the Court,

Nelson, Ch. J.
A principal who has been admitted to bail is in the custody of his sureties, who are considered his keepers, and if they fear an escape, may re-seize and bring him before a magistrate or the court by whom he may be committed, and thus the bail be discharged from their recognizance; he is still, however, at liberty to find new sureties (1 Chitty’s Cr. L. 85; Hawkins P. C., b. 2, ch. 15, §3 and 84; Pelersdorff on Bail in Cr. Cases, 515). So the bail may force the principal to appear according to the condition of the recognizance. Ibid. Serjeant Hawkins states, §84, that if a man’s bail, who are gaolers of his own choosing, do as effectually secure his appearance, and put him as much under the power of the court as if he had been in custody of the proper officer, they seem to have answered the end of the law, and to have done all that can reasonably be required of them. See also Bacon’s Abridg. tit. Bail in Cr. Cases, L (10 Wendell, 433). It seems to me that the first plea of the defendants affords a conclusive answer to the breach assigned for the non-appearance of the principal at the oyer and terminer in April, 1835. The render of the principal in court at the general sessions and the refusal of the defendants to stand as bail until the court to which it was proposed to respite the recognizance, can be understood in no other sense than as a virtual surrender of the principal; a right which all the books concede belongs to the bail even in criminal cases. No particular form of proceeding, as in civil cases, has been prescribed; the bail, if they distrust the fidelity of the principal, may seize and carry him before a justice of the peace, who has authority to bail or commit, and if new bail is not given, the magistrate is bound to commit; or the [376] principal may be carried before the court while in session, and there bo surrendered, or in the language of Serjeant Hawkins, put under the power of the court the same as if he had been in the custody of the pro *213 per officer, and which, he adds, is all that can reasonably be required of the bail. When the defendants in this case refused to stand any longer as bail, the court should have ordered the principal into the custody of their officer, and committed him to jail, unless new bail had been furnished. The court had not the power to compel a continuance of the responsibility against the express dissent of the bail. If it possessed such power, a magistrate before whom a surrender may be made, might claim the same power, and the consequence would be a denial of the right of surrender, which can not be sanctioned. The second plea is, I think, defective; but as the demurrer is to both pleas, and the first is clearly bad, the defendants are entitled to judgment.
Judgment for the defendants.