Dewey, J.
Seire facias against bail. The writ shows a recognizance, regularly taken and recorded, by which one William Wilson, the principal, bound himself to the State in the sum of $400, and one MoCarty together with the defendant below, the plaintiff in error, the sureties, were jointly bound in the same sum; and which is conditioned, that the principal should “appear before the judges of the Henry Circuit Court at the (then) next term thereof, and from day to day, and answer the State of Indiana on a charge of grand larceny, and abide the judgment and decision of the Court therein, and not depart without leave, &e.” It also appears that, on the fourth day of the proper term of the Court, the principal and his sureties were called and made default. The scire faoias is several against the plaintiff in error. Pleas, 1, That the principal did personally appear at the-proper term on the fifth day thereof, and continued from day to day, ready to answer the charge against him. 2, That he was never called and required to appear before the Henry Circuit Court, and answer the charge of grand larceny, or any other charge. General demurrer to each plea sustained; and judgment rendered against the plaintiff in error for $400 and costs.
*226 It is contended that the first plea is good, because the condition of the recognizance gave the principal the whole term in which to appear; and that he could not be legally defaulted until about its close. We do not think this construction of the recognizance can be sustained. The condition that the principal should appear at the then next term of the Court, “and *from day to day, &c.,” is tantamount to an undertaking to appear on the first, and every other day of the term unless sooner discharged. The plea, therefore, that he did appear on the fifth and subsequent days is clearly insufficient. He had previously forfeited his recognizance.
The second plea is not attempted to be vindicated, and is evidently invalid. If the defendant below designed to deny the forfeiture of his recognizance, he should have pleaded nul tiel record, for the forfeiture is alleged by the scire facias to be of record.
But the plaintiff in error also contends that the judgment in favour of the State is erroneous, on account of the insufficiency of the scire facias for the non-joinder of the other recognizor; McCarty; and he insists that he can urge this matter under the demurrer to the pleas.
Some of the doctrines which have been established in relation to the joinder of parties seem to be somewhat arbitrary. In actions founded on contract, if any of those living to whom the promise or obligation is made be-omitted as plaintiffs, or any to whom it is not made be joined, and the fact appear in the declaration, it is fatal on demurrer, in arrest of judgment, or in error; and if the defect is not shown by the pleadings, it is a ground of nonsuit under the general issue. 1 Chitt. Pl., 13; Vernon v. Jefferys, 2 Str., 1146; Anderson v. Martindale, 1 East., 497; Scott v. Godwin, 1 B. & P., 67. But when the action is by executors or administrators, either on contract or tort, and there is a co-executor or administrator not joined, objection to the non-joinder can be taken only (after oyer of the letters testamentary or of administration) by a plea in abatement, that the omitted executor or administrator is living and not made a party. 1 Chitt. Pl., 20; 1 Saund., 291 g, n. *227 4. The same rule is applicable to all actions founded on tort, though the non-joinder of a person jointly interested with the plaintiff appear of record. 1 Saund., 291 g, h, n. 4. In actions ex contractu, if a part only of several joint contractors be sued, and the defendant wish to avail himself of the omission of the others, he must do it by a pfea in abatement; if he omit to do so, he can not afterwards urge the objection in any form, though the declaration set out a joint contract.' 1 Saund., 154, n. 1; Rees v. Abbott, Cowp., 832, per Buller, Justice; Hawkins v. Ramsbottom, 6 *Taunt., 179. So, to an action on a specialty, part of the obligors being omitted, the defendant can not have oyer and demur; he must still plead in abatement. Cabell v. Vaughan, 1 Saund., 291 a, n. 2. The plea in abatement for the non-joinder of a contractor, must show not only that the omission has been made, but that the contractor omitted is living. Cabell v. Vaughan, supra, Ib., 291 b, n. 4. If, however, the declaration, or other pleading of the plaintiff, expressly show what it would be necessary to aver in the plea, that there are joint contractors who are not joined, aud who are living; then the defendant may demur, move in arrest of judgment, or sustain error. 1 Chitt. Pl., 46; 1 Saund., 291 b, n. 4, and the authorities there cited. Dillon v. The State Bank, November term, 1841.(1) We are aware that in scire facias on a recognizance, and also on a bond to the crown, it has been held, that if the declaration show that a part only of the cognizors or obligors áre sued, though it does not appear that the others are living, the non-joinder is fatal on demurrer. Rex v. Young, 2 Anstr., 448; Rex v. Chapman, 3 Id., 811. Relieving these cases to be irreconcilable, in principle, with the decisions which have been made in regard to non-joinder of parties to ordinary contracts, we do not feel disposed to adopt the supposed distinction on which they are founded.
The record before us only shows, that there was a joint recognizor, who is not a party to the scire facias; but it does not show that he was living at the commencement of the suit. The Circuit Court, therefore, committed no error in rendering judgment in favour of the State.(2)
C. B. Smith, for the plaintiff.
H. O’Neal, for the State.
Per Curiam.—The judgment is affirmed with costs.

 Ante p. 5, Acc. Bragg v. Wetzel, Vol. 5 of these Rep., 95.

 In the case of a judgment against two, and a suit upon it against one of them only, it has been decided that the declaration, showing the judgment to be joint, and assigning no reason why the omitted party was not joined in the suit, may be objected to on general demurrer or in arrest of judgment. Gilman v. Rives, 10 Peters, 298.