## Mishler *versus* The Commonwealth.

1. Mishler and Suter entered into a *joint* recognisance for Suter's appearance at the next term of the Quarter Sessions. A bill was found; the case was continued till May 27th; Suter, after the continuance, was called three times, and, not appearing, the recognisance was forfeited and respited till May 27th, when there was another respite till August. Suter was then called three times, and the recognisance forfeited absolutely. The record did not show that Mishler had been called. The recognisance being *joint*, the failure of the principal to appear was a forfeiture of the whole, and it was not necessary to call the bail.

2. When the recognisance is several, each recognisance should be separately forfeited, and the bail called three times to produce the principal.

3. An entry of forfeiture as to each is conclusive that each had been duly called.

4. The forfeiture was not invalidated by the subsequent respite.

5. The forfeiture fixed the liability; the respite was an order that it should not be estreated for the period named.

[*Mishler v.* The Commonwealth.]

6. A respite is a temporary suspension of the execution of a sentence; a delay, forbearance or continuation of time.

7. Keephaver *v.* Commonwealth, 2 Penna. R. 244, explained.

8. The Common Pleas may remit a forfeiture under the Act of December 9th 1783, § 2.

9. In a suit against the bail on a forfeited recognisance, evidence is inadmissible that the principal was in court at the time of the forfeiture, that the case was continued on his application, that he was discharged at that term, and that the forfeiture was by arrangement.

10. It is in the discretion of the court, in any stage of a trial, to call the defendant and forfeit his recognisance.

11. On the continuance of a case, the court should have the recognisance renewed or commit the defendant.

12. A surety's obligation does not extend to a term to which the case is continued, without his express consent.

13. The refusal to allow an amendment of a record is not the subject of review.

14. After the jury have rendered a general verdict and been discharged, it is error to call them back to amend their verdict by finding the amount; but if, from the record, the court might have entered judgment for the amount, no harm is done to the defendant, and the judgment on the verdict will not be reversed.

May 4th and 5th 1869.   Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., absent.

Error to the Court of Common Pleas of *Lancaster county*, No. 55, to May Term, 1869.

In the court below, an action of debt on a forfeited recognisance was brought September 3d 1867, by the Commonwealth *v.* Isaac Mishler.

The declaration set out a recognisance by the defendant in this case, taken March 8th 1867, before an alderman, in the sum of $1000, conditioned for the appearance of Lewis Suter at the Court of Quarter Sessions of Lancaster county, on the third Monday in April then next, and averred that the plaintiff failed to comply with the conditions, &c.   On the 22d of January 1868, the defendant pleaded "*nul tiel record.*"   On April 22d he pleaded specially, admitting the recognisance as set forth in the declaration, but averring that the condition of the recognisance had been performed by Suter appearing in court at the time named in the condition; and that the recognisance was not lawfully forfeited as to Mishler.   The Commonwealth traversed the special plea.

On the trial before Long, P. J., December 3d 1868, the Commonwealth gave in evidence the recognisance, as follows:

"We, Lewis Suter, defendant, and Isaac Mishler, bail, &c., acknowledge to owe and to be indebted to the Commonwealth of Pennsylvania, for the use of the county of Lancaster, in the sum of one thousand dollars, to be levied of our goods and chattels, lands and tenements, upon condition that Lewis Suter, said defendant, be and appear in proper person at the next Court of Quarter Sessions of the Peace to be held for said county in the

[Mishler *v.* The Commonwealth.]

city of Lancaster, on the third Monday in April 1867, at 10 o'clock A. M., then and there to answer such things as shall be objected against said defendant, on behalf of the Commonwealth, and not depart said court without leave, then this 'recognisance' to be void, otherwise to be in full force and virtue."

The recognisance was endorsed:

"Filed March 19th 1867.

"April 17th 1867. Recognisance forfeited and respited to May 27th 1867.

"May 27th 1867. Respited by order of court to August sessions, 1867.

August 19th, forfeited absolutely."

Also the certificate of the clerk of Quarter Sessions in the county commissioner's office:

"Lewis Suter, ⎫ March 8th 1867, tent in $1000, each for the
   and   ⎬ appearance of Lewis Suter, at April Sessions,
Isaac Mishler. ⎭ 1867, to answer.

"April 17th 1867, defendant, Lewis Suter, being called three times in open court, and failing to answer, said recognisance was forfeited and respited to May 27th 1867.

"May 27th 1867, further respited by order of court to August Sessions, 1867.

"August 19th 1867, defendant Lewis Suter being called three times in open court, and failing to answer, said recognisance was forfeited absolutely."

The foregoing papers were objected to by defendant, "because no forfeiture set forth in the declaration, and that there would be a variance between the proof and declaration."

A bill of exceptions to their admission was sealed for the defendant.

The Commonwealth having closed, the defendant gave in evidence the whole record of the case in the Quarter Sessions, including the record of forfeiture as given in evidence by the Commonwealth.

"Commonwealth ⎫
    *v.*   ⎬ Indictment receiving stolen goods.
Lewis Suter. ⎭

"April 15th 1867. True bill.

"April 16th 1867. Continued to May 27th 1867.

"May 27th 1867. Process awarded and issued.

"Same day, continued to August session, 1867.

"August 19th 1867. Continued to November session, 1867."

The defendant offered " to prove by Samuel H. Reynolds, Esq., that he was counsel for Suter, and that Suter was in court at April sessions, 1867; on the written application of Suter the court continued the case until the 27th of May following. That Suter was then discharged from any further appearance in court until the 27th of May, by an arrangement the recognisance was so forfeited and respited until the 27th of May 1867."

The offer was rejected, and a bill of exceptions sealed.

The court directed the jury to find for the plaintiff, and they accordingly so found.

" 4th December 1868, a few minutes after the jury was discharged, and they had rendered their verdict for the plaintiff, it was discovered that their verdict was simply for the plaintiff without mentioning any amount; they were then recalled by the order of the court into the box, for the purpose of stating the amount ($1000), which they did. To this the defendant's counsel objected, but it was allowed to be done by the court," and a bill of exceptions was sealed.

On the same day the defendant moved " for a rule to show cause why the record in the above cases should not be amended to show that the forfeiture of the recognisances in the above cases was improvidently and improperly entered contrary to the facts in the case, as Lewis Suter was in court at said April session 1867, to answer, and did not depart the court without leave."

January 16th 1868, the motion was disallowed, and judgment was entered on the verdict.

The defendant, on the removal of the case to the Supreme Court, assigned for error that the court erred:

1. In entering judgment for the plaintiff on the plea of *nul tiel record*, there being no record showing that the recognisance was ever forfeited as to Isaac Mishler; or that the said Isaac Mishler ever consented that the same should be respited.

2. In allowing the certificate of the clerk of the Quarter Sessions, filed in commissioners' office, relating to the recognisance of Lewis Suter only, to be given in evidence, when the plaintiff's declaration set forth that the recognisance of Isaac Mishler was forfeited; nothing being said therein as to a forfeiture against Suter.

3. In rejecting the evidence of Samuel H. Reynolds, Esq., one of the counsel of Lewis Suter, to prove that Lewis Suter was present in court at April sessions, 1867, thus showing that the condition of the recognisance had been fulfilled.

4. In refusing to allow the record to be amended according to the facts, thus depriving the defendant of all the benefit which the presence of Suter might have conferred upon his case.

5. In directing the jury that they could do nothing but bring

[Mishler v. The Commonwealth.]

in a verdict for the plaintiff, the facts in the case not warranting such instructions.

6. In ordering the jury to reassemble in the box after rendering a verdict; after it had been recorded; after having been discharged; and after they had left the box and had been separated for some time.

*A. H. Hood* and *J. Heister* (with whom was *J. B. Amwake*), for plaintiff in error.—The record should show all the facts to authorize the entry of forfeiture: Rhoads *v.* Commonwealth, 3 Harris 272; Buehler *v.* Buffington, 7 Wright 278. Respiting the principal was a discharge of the bail: Keefhaver *v.* Commonwealth, 2 Penna. R. 244; Act of July 30th 1842, § 26, Pamph. L. 465, Purd. 479, pl. 16. The evidence offered did not contradict the record, it merely was what might have gone on the record; *ex æquo et bono*, it was a good defence and ought to have been received: Shoemaker *v.* Ballard, 3 Harris 94; Hoffman *v.* Coster, 2 Whart. 468; Hawkins P. C. Book. 2, ch. 15, § 84. If there was a spark of evidence it should have been received: Bank of Pittsburg *v.* Whitehead, 10 Watts 402. The verdict was final and could not be altered: Walters *v.* Junkins, 16 S. & R. 414; Reitenbaugh *v.* Ludwick, 7 Casey 141.

*W. A. Atlee* and *J. Landis* (with whom was *J. Porter*), for defendant in error.—Short minutes of forfeiture of a recognisance are sufficient: Commonwealth *v.* Emery, 2 Binn. 431; Commonwealth *v.* Ross, 6 S. & R. 427; Cochran *v.* Parker, Id. 549; Withers *v.* Haines, 2 Barr 437. Parol proof cannot be admitted to contradict a record: Patton *v.* Miller, 13 S. & R. 254; Withers *v.* Livezey, 1 W. & S. 433; Clark *v.* McComman, 7 Id. 469; Ulrich *v.* Voneida, 1 Penna. R. 251.

The opinion of the court was delivered, July 9th 1869, by

SHARSWOOD, J.—This was an action of debt upon a forfeited recognisance in the Quarter Sessions. The defendant below was the bail of Lewis Suter, and pleaded *nul tiel record*, and a special plea that the condition of the recognisance was performed by Lewis Suter appearing, and that the said recognisance was not lawfully forfeited as to Isaac Mishler, the plaintiff in error. To this a replication, traversing the averments of the plea, was filed by the Commonwealth, tendering an issue to the country.

The 1st assignment of error is, that the court erred in entering judgment for the plaintiff on the plea of *nul tiel record*. The reasons specified in the assignment are, that there was no record showing that the recognisance was ever forfeited as to Isaac Mishler, or that the said Isaac Mishler ever consented that the same should be respited.

[Mishler *v.* The Commonwealth.]

The recognisance upon which the suit was brought was a joint obligation upon condition that Suter should appear at the next Court of Quarter Sessions, then and there to answer such things as should be objected against him on behalf of the Commonwealth, and not depart said court without leave. The record showed that a true bill was found, and on the 16th of April 1867 the trial was continued to May 27th 1867. On the following day Lewis Suter being called three times in open court and failing to answer, the recognisance was forfeited and respited to May 27th 1867. On May 27th 1867 the recognisance was again respited by order of the court to August sessions following, when Lewis Suter being again called three times and failing to answer, the recognisance was forfeited absolutely. The objection is, that the record does not show that Isaac Mishler, the bail, was called three times. Usually, recognisances of this nature are in form several, not joint: Binns's Just. 139. When this is so, it would seem to be necessary that each recognisance should be separately forfeited in the usual and solemn manner. The bail should be called three times to bring forth the body of the principal whom he undertook to have there that day or forfeit his recognisance. Upon an entry of the forfeiture as to each, it would be conclusively presumed that this form had been pursued. But this obligation being joint and not several, the failure of Suter to appear and answer when called was a breach of the condition. Nor was this forfeiture rendered invalid by the subsequent respite of the recognisance, first to another day in the same term, and then to the following August sessions. The liability of the conusors was fixed absolutely, and the respite was merely an order that the forfeiture should not be estreated for a certain period. It is a power which has been always exercised, is recognised by the 26th section of the Act of July 30th 1842 (Pamph. L. 455), and seems essential to the administration of justice in mercy. A respite is a temporary suspension of the execution of a sentence—a delay, forbearance or continuation of time: Bouvier's Law Dict.; Wharton's Law Lexicon. It is true, that in Keefhaver *v.* The Commonwealth, 2 Penna. R. 244, Chief Justice Gibson states the practice to be to do this with the consent of the bail, in order to avoid the trouble of renewing the security: but that was a case in which the defendant had appeared, been tried and acquitted, and the jury having determined that she should pay the costs, there was no forfeiture of the recognisance until the following term. He was evidently speaking, therefore, of a respite of a recognisance before forfeiture. In such case the condition of the recognisance having been complied with, as far as the bail was concerned, by the appearance and trial of defendant, which was in effect a surrender, the obligation was gone. But it is a very different case when the condition has been broken. It is not easy to perceive upon what

principle mere indulgence thus accorded to the principal should discharge the bail. It is. entirely for his benefit, for it cannot be doubted that if the principal should surrender himself, and stand his trial at the term to which the case was continued, the Court of Common Pleas would remit the forfeiture, as they are authorized to do by the 2d section of the Act of December 9th 1783 (2 Smith 84), according to equity and their legal discretion.

The 2d assignment of error involves substantially the same question as the 1st; for if the recognisance was forfeited as to Mishler by the failure of Suter to appear according to its terms, there was no variance between the certificate of the clerk of Quarter Sessions given in evidence and the declaration.

The 3d assignment of error is that the court erred in rejecting the evidence of Mr. Reynolds, one of the counsel of Suter, offered to prove that Suter was in court at the sessions to which he was bound to appear, and that the case was continued on his application; that he was discharged, and, by arrangement, the recognisance forfeited and respited until a subsequent day. So far as the offer was to show an express discharge, it contradicted the record. That the forfeiture of the recognisance was by arrangement was immaterial. The fact, however, that the case was continued before the forfeiture, appears by the record; and, although the parol evidence thus offered was irrelevant and inadmissible, being either merely confirmatory of the record or contradicting it, yet it is proper to consider, in connection with the 5th assignment of error, that the court instructed the jury to bring in a verdict for the plaintiff, whether the continuance of the case necessarily implied that the defendant had leave to depart the court. The mere appearance of a defendant and then departing without such leave, clearly.does not release the surety: Commonwealth *v.* Coleman, 2 Metcalf (Ky.) 382; Starr *v.* Commonwealth, 7 Dana 243; The State *v.* Gorley, 2 Clarke (Iowa) 57; Humphrey *v.* Kasson, 26 Vermont 760. It is the express condition of the recognisance that he shall appear and not depart the court without leave. It is at all times in the discretion of the court, at any stage of a criminal trial, to call the defendant and forfeit his recognisance: The People *v.* Petry, 2 Hilton 523; The People *v.* Blankman, 17 Wend. 252; Gildersleeve *v.* The People, 6 Barb. 35; Wilson *v.* The State, 6 Blackf. 212; The State *v.* Stout, 6 Halst. 125. Upon the continuance of the case, it is the duty of the court to have the recognisance renewed or a new one taken, or otherwise to commit the defendant to jail. The surety has bound himself only for his appearance at the next term, and his obligation does not extend to any subsequent term to which the case may be.continued without his express consent: Keefhaver *v.* The Commonwealth, 2 Penna. R. 240; Kisser *v.* The State, 13 Ind. 30; The People *v.* Clery, 17 Wend. 374. If, then,

[Mishler *v.* The Commonwealth.]

a continuance of the cause is itself an implied leave to depart, all
that a defendant has to do is to leave the court as soon as the
order for a continuance is made.  The order for the renewal of
the recognisance necessarily follows the order for the continuance.
The very question we are now considering has been decided by
the Supreme Court of the state of Ohio in Swank *v.* The State, 3
Ohio (N. S.) 429.  " The continuance of the cause for trial to the
next term," say the court, " has nothing to do with the proper
mode of securing the attendance of the prisoner at that term.
Indeed, until the continuance takes place, upon the motion of the
state or prisoner, it cannot be known that the attendance of the
prisoner will be required at the next term, and no recognisance
could be required of him to appear at a subsequent time.  It is
the continuance which creates the necessity of the new recog-
nisance."

The 4th assignment of error is that the court erred in refusing
to allow the record to be amended according to the facts.  The
court below thought that on the evidence presented by the bail
they would not be warranted in allowing the amendment, and it is
very clear that their decision is not the subject of review in this
court: Rhoads *v.* The Commonwealth, 3 Harris 277.

The 5th assignment we have already considered.  The 6th is
that the court erred in calling back the jury after they had ren-
dered a general verdict for the Commonwealth, and been dis-
charged, and allowing them to amend their verdict by finding the
amount of the penalty of the recognisance.  This was certainly
an irregular and erroneous proceeding; but it was an error which
did the defendant below no harm.  Upon the plea of *nul tiel
record*, and a general verdict for the Commonwealth, the court
were fully authorized to enter the judgment for the amount of the
penalty which they did.

                                        Judgment affirmed.