## Magie's Appeal.

A recognizance conditioned that one charged with a crime "should appear at the next court of quarter sessions of the county, and not depart the court without leave," is forfeited if he departs after trial and conviction but before sentence.

(Decided February 15, 1886.)

Appeal from a decree of the Common Pleas of Fayette County refusing to remit the forfeiture of a recognizance. Affirmed.

On April 30, 1883, John Boring was arrested upon the charge of assault with intent to kill. He waived a hearing before the justice, and gave bail, with Samuel Magie as surety, to appear at the quarter sessions of Fayette county and "not depart the court without leave."

Boring appeared at the court and was tried and convicted. Subsequently, but before sentence, he disappeared. The recognizance was declared forfeited, and suit was brought against Magie to collect the amount of it. Magie presented a petition to the common pleas praying that court to remit the forfeiture of his recognizance.

The court dismissed the petition, and Magie appealed.

*Edward Campbell* for appellant.

*A. D. Boyd* for appellee.

PER CURIAM:

There was no error in the refusal of the court to remit the forfeiture of the recognizance. The condition of the recognizance was that the defendant, charged with the crime, "should appear at the next court of quarter sessions of the county, and not depart the court without leave." He did appear, and was tried and convicted. Before being called for sentence, he departed without leave of the court. Failing to appear when duly

NOTE.—Even if the prisoner leaves after sentence without surrendering himself to the sheriff, the bond may be forfeited. Com. v. Casper, 6 Pa. Co. Ct. 382. In Com. v. Ross, 6 Serg. & R. 427; the bond given to the justice of the peace was forfeited where the prisoner absconded while a commitment was being made out.

called, his recognizance was forfeited at the same session of the court. There was an undoubted violation of the condition of the recognizance. It is no answer to say he appeared and was tried. That was a compliance with a part only of the condition. It required him to appear at the same term of the court for sentence consequent on his conviction. This he did not do. His recognizance and that of his bail were, thereupon, duly forfeited at the term designated for him to appear and not depart without leave.

Decree affirmed and appeal dismissed, at the costs of the appellant.