# Commonwealth *v.* Blumberg, Appellant.

*Criminal law—Recognizance—Bail bond—Judgment—Opening judgment.*

1. A judgment entered under a warrant of attorney in a recognizance for the appearance of a prisoner for a further hearing before a magistrate will not be opened where the record shows that neither the bondsman nor the prisoner appeared before the magistrate at the time fixed for the hearing, or at any other time, and that some time later the magistrate, after having personally notified the defendant to produce the prisoner at a day and hour mentioned, called the case in open court,

and neither of the parties answering, adjudged the recognizance to be forfeited.

2. The condition of the recognizance having been broken by the failure of the bail to produce the prisoner at the time fixed, it was competent for the magistrate to formally declare the forfeiture at a later day.

Submitted Oct. 22, 1913. Appeal, No. 165, Oct. T., 1913, by defendant, from order of Q. S. Phila. Co., May Sessions, 1913, No. 2, discharging rule to open judgment in case of Commonwealth v. Jacob Blumberg. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to open judgment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Frederick J. Knaus*, for appellant.—Blumberg having undertaken to produce Hendricks before the magistrate on July 12, 1910, at 11 A. M., at which time there was no hearing, nothing done, no forfeiture of the recognizance, he was without authority to forfeit it on April 28, 1913, at 12 M., for the failure of Blumberg to produce the defendant before him at that time, because Blumberg executed neither bail bond nor entered into a recognizance to produce him then: Com. v. Zeidler, 2 Lack. L. N. 356; Mishler v. Com., 62 Pa. 55; Keefhaver v. Com., 2 Penrose & Watts, 240.

*Joseph H. Taulane*, assistant district attorney, and *Samuel P. Rotan*, district attorney, for appellee, cited: Rhoads v. Com., 15 Pa. 272; Com. v. Speidel, 10 Lanc. L. Rev. 390.

OPINION BY PORTER, J., April 20, 1914:

This is an appeal by Jacob Blumberg from the refusal of the court below to strike off a judgment against him

under a warrant of attorney contained in a recognizance for the appearance of one James Hendricks, before a magistrate of the city of Philadelphia, for a hearing in a case in which Hendricks was charged with the crime of larceny from the person. The recognizance, in due form and properly acknowledged before the magistrate, was conditioned that "the defendant (Hendricks), shall be and appear before Charles P. Rooney, magistrate of court No. 8, at his said court, on July 12, 1910, at eleven o'clock A. M., then and there to answer all such charges as may be preferred against the said defendant and shall abide and not depart the court without leave." This recognizance was returned with the record of the magistrate in the criminal case to the court of quarter sessions, and that record disclosed the following facts: Neither Hendricks, the defendant, nor Blumberg, his bondsman, appeared before the magistrate at the time fixed for the hearing. Hendricks did not appear before the magistrate upon that day nor at any time subsequently, nor did Blumberg, his bondsman, produce the said Hendricks before the said magistrate upon that day or at any subsequent time, nor did he at any time offer to surrender the said Hendricks. The said Hendricks never had a hearing before the said magistrate, for the reason that he never appeared before that officer. The magistrate, on April 28, 1913, at twelve o'clock M., after having personally notified Blumberg to produce Hendricks before that hour, caused Hendricks, the defendant, and Blumberg, the bondsman, to be called in the regular manner in open court, and neither of said parties answering, adjudged the recognizance to be forfeited.

The motion being to strike off the judgment, it can only be sustained on the ground of irregularity appearing on the face of the record: O'Hara v. Baum, 82 Pa. 416; North v. Yorke, 174 Pa. 349. The appellant did not aver, in his petition, that Hendricks had ever appeared before the magistrate, nor that the petitioner had ever

attempted to surrender him.  He stands squarely upon the allegation that the record of the magistrate discloses that the recognizance was never legally forfeited.  The same technical accuracy is not to be expected in proceedings before magistrates which is required in courts of record.  The court of quarter sessions is a court of record, in the strict technical sense, and its records are conclusive evidence as to what has been done in any case.  In the case of a forfeited recognizance, the record of the court is not the forfeiture, but the best evidence of it: Rhoads v. Commonwealth, 15 Pa. 272.  When a recognizance is conditioned for the appearance of a defendant at the next court of quarter sessions, it is to be discharged at the end of that term, by committing the defendant, delivering him on new bail, or setting him at large: Keefhaver v. Commonwealth, 2 Penrose & Watts, 240.  The defendant is presumed to be in the custody of the bail during the term of the recognizance.  When the recognizance is for the appearance of a defendant at the next court of quarter sessions and is not forfeited during that term, the bail would have no right to longer detain the defendant, nor would he be entitled to a bailpiece for the purpose of surrendering him, for he is not then required to produce him.  The recognizance not having been forfeited during the term is discharged, for the reason that there can never then be a breach of the condition.  When, however, even in the court of quarter sessions, it can be ascertained from the record that there has during the term been a breach of the condition of the recognizance, the bail may continue responsible, even though the defendant be permitted to retain his liberty beyond the expiration of the term.  "But it is a very different case when the condition has been broken.  It is not easy to perceive upon what principle mere indulgence thus afforded to the principal should discharge the bail.  It is entirely for his benefit, for it cannot be doubted that if the principal should surrender himself, and stand his trial at the term to which the case was continued, the court of common

pleas would remit the forfeiture:" Mishler v. Commonwealth, 62 Pa. 55. We deem this principle applicable to the present case. The record of the magistrate clearly disclosed that the condition of the recognizance was broken upon the day fixed for the hearing; that neither the defendant nor the bail, this appellant, appeared at that time. The statement of the record that the parties, naming them, did not appear, gives rise to the presumption that the magistrate took proper means to ascertain whether they were present and that they were duly called. The recognizance was then ripe for forfeiture. The indulgence given the bail, this appellant, in affording him an opportunity to produce the defendant at a later time, ought not to discharge him from the recognizance, the condition of which was already broken. The condition of the recognizance having been broken by the failure of the bail to produce the defendant at the time fixed, it was competent for the magistrate to formally declare the forfeiture at a later day. Had the record disclosed that the magistrate had adjourned the time for the hearing, or done any other thing, without the consent of the bail, which permitted the defendant to go at large after the condition of the recognizance had been broken, an entirely different question would be presented.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.