## Commonwealth v. Czemerda.

*Marker & Rial* for Commonwealth; *E. Richard Criss*, for defendant.

COPELAND, P. J., July 20, 1928.—One Mike Bednarczuk was charged with the violation of the liquor law at No. 374, August Term, 1926, and was admitted to bail in the sum of $1000, with Stanley Czemerda, the defendant, as surety.

The defendant's recognizance at No. 374, August Term, 1926, Quarter Sessions, was conditioned that the said Mike Bednarczuk "shall be and appear at the next term of court, etc.," and "abide and not depart the court without leave," and "shall in the meantime keep the peace, etc."

The case at the above number and term was continued until the November Term, 1926. At the November Term, 1926, Mike Bednarczuk failed to appear,

and at that time the bond was forfeited and duly estreated to the county commissioners' office and judgment entered thereon against Stanley Czemerda at the above number and term.

On May 11, 1927, Mike Bednarczuk appeared in open court, plead guilty to the charge of violation of the liquor law and was sentenced on that day to pay the costs of prosecution and a fine of $200, and was given further until July 1, 1927, to pay the costs.

Mike Bednarczuk failed to pay the fine and costs and his whereabouts is now unknown.

Stanley Czemerda, the defendant in the judgment entered at the above number and term, has, by his attorney, filed a petition to have the judgment against him stricken from the record, alleging that the conditions of the bond have been fully performed, and, therefore, the bond is null and void and the forfeiture irregular and void. A rule was granted on the district attorney and the attorney for the county commissioners, W. S. Rial, to show cause why the prayer of the petition should not be granted.

The county commissioners, by their attorney, W. S. Rial, have answered the petition, denying that the conditions of the bond as stated in the petition have been complied with and the judgment entered at the above number and term is void.

The question raised is: Does the state of facts as set forth in the petition and answer justify a forfeiture of the bond and an entry of judgment against the surety? The defendant earnestly contends they do not. The plaintiff equally as earnestly contends they do.

In Com. v. Oblender et al., 135 Pa. 530, it was said in the syllabus, which is supported by the *per curiam* opinion of the court: "When a recognizance in the Court of Quarter Sessions, by which a defendant is bound to appear and 'not depart the said court without leave,' is forfeited and respited from term to term, the liability of the bail is fixed when the forfeiture is first adjudged, and it is not affected by any subsequent proceedings on the indictment against the principal; any relief after the forfeiture is a matter of grace and not of right."

In the case of Mishler v. Com., 62 Pa. 55, 61, it was said by Mr. Justice Sharswood: "It is the express condition of the recognizance that he shall appear and not depart the court without leave. It is at all times in the discretion of the court, at any stage of a criminal trial, to call the defendant and forfeit his recognizance. . . . Upon the continuance of the case, it is the duty of the court to have the recognizance renewed or a new one taken, or otherwise to commit the defendant to jail. The surety has bound himself only for his appearance at the next term, and his obligation does not extend to any subsequent term to which the case may be continued without his express consent: Keefhaver v. Com., 2 P. & W. 240; Kisser v. The State, 13 Ind. 30; The People v. Clery, 17 Wend. 374. If, then, a continuance of the cause is itself an implied leave to depart, all that a defendant has to do is to leave the court as soon as the order for a continuance is made. The order for the renewal of the recognizance necessarily follows the order for the continuance. The very question we are now considering has been decided by the Supreme Court of the State of Ohio in Swank v. The State, 3 Ohio (N. S.), 429. 'The continuance of the cause for trial to the next term,' says the court, 'has nothing to do with the proper mode of securing the attendance of the prisoner at that term. Indeed, until the continuance takes place, upon the motion of the state or prisoner, it cannot be known that the attendance of the prisoner will be required at the next term, and no recognizance could be

required of him to appear at a subsequent time. It is the continuance which creates the necessity of the new recognizance."

It was said in Com. *v.* Somers, 14 Pa. C. C. Reps. 159: "On Oct. 8, 1887, a charge of false pretense was preferred against the defendant before Alderman Post, of Scranton, and the defendant having been arrested thereon gave bail before Alderman Roesler for his appearance at the next term of this court. That term began on Monday, Oct. 17th, and continued three weeks, and was followed by a term in January, another in April and a third in June. The transcript of the case was not filed, however, until March 14, 1888, and no indictment was found until the meeting of the grand jury for June Term. At the April Term, the defendant was called, and, on failing to respond, his bail was forfeited. Against this, complaint is now made and, as we think, with justice. There was no authority to forfeit the bail at that late day. The recognizance entered into was for the appearance of the defendant at the next or October Term. So far as the bail is concerned, this obligation certainly could not without express consent be enlarged so as to make him responsible for a default at a subsequent term: Keefhaver *v.* Com., 2 P. & W. 240; Mishler *v.* Com., 62 Pa. 55; and we do not see why this is not true of the defendant also. His undertaking was in terms the same as that of the bail. He was simply to appear at the next term of the Quarter Sessions to answer such charges as might be there preferred against him, and not depart the court without leave. The obligation was not a continuing one, so as to bind him to appear indefinitely at any subsequent term at which the Commonwealth might choose to follow up the charge. It was the duty of the magistrate to return the case to the term of the court to which the defendant was held to appear. If for any sufficient reason the district attorney was not prepared to go on with it at that time, a continuance of it could then have been obtained, and the defendant either put under new bail or the bail already in be forfeited to be respited upon the defendant's appearance at the next term. This course not having been pursued, the proceedings fell within the term to which they were returnable. Thereafter the defendant was out of court and under no obligation to appear. It follows that when he was called and his bail forfeited, the court had no hold upon him and the proceedings were *corum non judice* and void."

In 2 Penrose and Watts, 240, 243, Chief Justice Gibson said: "Recognizances being for an appearance at the next and not at every succeeding sessions are to be discharged at the end of the term by committing the prisoners, delivering them on new bail or setting them at large. But to avoid the trouble of renewing the security, it is sometimes the practice, when the bail consent, to forfeit the recognizance and respite it till the next term, and this answers the purpose perfectly well."

As to the appearance of the defendant at the August Term, 1926, it is to be presumed that he was present in court, as the forfeiture of the bond was for non-appearance at the November Term, 1926. There is no allegation in either the petition, the answer or docket entries that the defendant did not appear at the August Term, 1926. If the defendant had been absent at the August Term, for which the bond was given, it must be assumed that the district attorney would have forfeited the bond at the August Term, 1926, if there had been a breach of any of the conditions at that time.

As to the condition that the defendant "abide and not depart the court without leave," there is no evidence that that condition was broken at the August Term. As to the condition that the defendant shall keep the peace and be of good behavior toward all citizens of the Commonwealth, there is no

evidence that that condition was broken at the August Term, 1926. The petition, the answer and the docket entries in this case do not show any breach of condition.

The basis of the forfeiture in this case is that the defendant did not appear at the November Term, 1926. His non-appearance then, so far as this bond was concerned, made no difference and rendered the forfeiture at that time null and void, as the bond was conditioned for the defendant's appearance at the August Term, 1926. As we said, the conditions of the bond apply only to the term following the execution of the bond and not to subsequent terms. The obligation is not a continuing one, so as to bind the defendant to appear indefinitely at any subsequent term at which the Commonwealth might choose to follow up its charge. The recognizance entered into in this case was for the appearance at the next term. The next term in this case was August Term, and a forfeiture at that term would have fixed the responsibility of the bail or surety. This has been the common understanding of the obligations of sureties. While bondsmen might be perfectly willing to guarantee the appearance of a prisoner charged with a criminal offense to stand his trial, yet we apprehend that this is far beyond their understanding of the nature of the contract, that they will await the pleasure of the court.

So far as the bail is concerned in this case, this bond or obligation certainly could not without express consent be enlarged so as to make him responsible for the defendant's appearance at any subsequent term.

The continuance of a case to a subsequent term is an implied license to depart and creates the necessity of a new recognizance, and when no new recognizance is required to be entered into before the expiration of the term to which the bond is given, the surety is discharged from his contract and a forfeiture at a subsequent term is null and void.

It is true that if this bond had been forfeited during the August Term of court, that would have fixed the liability of the surety, and respiting of the recognizance from term to term would have made no difference, for, as has been said in disposing of questions of this character, the respiting of the recognizance is for the benefit of the surety and not for the benefit of the Commonwealth; that is to say, it is done for the purpose of giving the surety an opportunity to find his defendant and produce him in court, and that, so doing, the court then has power to remit the forfeiture and discharge the defendant from his suretyship.

As was said by counsel for the defendant surety in this case, a continuance is a variation of risk of the surety, and on analogy to the law in civil cases discharging sureties in obligations where creditor extends time to the principal, or releases him, etc., the surety in any criminal action should be treated likewise. It is unfair to hold a surety to his bond where he does not expressly agree to be bound for every succeeding term until the Commonwealth is ready to resume the case. Public policy demands that the benefit of the doubt as to these conditions in the bond be construed in favor of the surety.

This is substantially correct and good law, for when a surety obligates himself in a bond for the defendant to appear at the next term of court, that is the extent of his surety, and nothing can enlarge that contract except by consent and direction of the surety himself, and if the district attorney continues the case without agreement with the surety that his bond will hold to and during a subsequent term, then ānd in that case the responsibility of the surety ends.

And now, to wit, July 20, 1928, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the prayer of the peti-

34

tion be granted and that the forfeiture of the bond and the judgment entered thereon at the above number and term be and the same are hereby stricken from the record and the rule heretofore granted on Jan. 17, 1928, be and the same is hereby made absolute, the costs of this proceeding to be borne by the County of Westmoreland.