## Commonwealth v. Gardner et al.

*Hon. John G. Marshall,* for Commonwealth.
*Buchanan, Wallover & Barrickman,* for defendants.

SOHN, J., July 1, 1952.—Harry Gardner was arrested on a charge of fornication and bastardy, and

entered bail before a justice of the peace in the sum of $1,000 on a bond conditioned that

"The said Harry Gardner shall be and appear at the next term of the Court of Oyer and Terminer and Quarter Sessions of the Peace of the County of Beaver . . . on the first Monday of December, 1931, then and there to answer the above charge of fornication and bastardy, and to all other charges that may be preferred against the said Harry Gardner and shall abide and not depart the court without leave . . ."

The recognizance was signed by R. B. McDanel, as surety. At December sessions, 1931, no. 52, in the court of quarter sessions of the peace, Harry Gardner was indicted as charged, pleaded "not guilty", and upon trial duly had, was found "guilty as indicted" on December 18, 1931. Harry Gardner subsequently departed the court without leave and did not appear for sentence, and on February 29, 1932, the recognizance was declared forfeited and certified to the county commissioners for collection.

At June term, 1932, no. 219, D. S. B., in the Court of Common Pleas of Beaver County, a judgment was caused to be entered by the Commonwealth for the use of Beaver County, against Harry Gardner and R. B. McDanel. This judgment was subsequently revived by scire facias proceedings. R. B. McDanel, a defendant in the aforesaid judgment subsequently filed a motion to strike off the judgment. He contends that the condition of the recognizance was fulfilled when defendant Gardner appeared at the next term, pleaded "not guilty", was tried and found guilty by a jury.

The matter is before the court on the petition and answer. The question involved is whether or not the conditions of the recognizance were fulfilled. If they were, the judgment as to R. B. McDanel would be null and void, and should be stricken from the record. If the conditions of the recognizance were not fulfilled,

then it is a valid and binding obligation against R. B. McDanel.

The rule of law applicable to the situation before us is discussed in 20 A. L. R. 596, where the following statement appears:

"But as the sole purpose of a bail bond or recognizance is to secure the enlargement of the principal, and its effect is to place him in the custody of his bail, who are under the duty of producing him before the court to answer the charge against him, it may be generally stated, as will appear from a consideration of the following cases hereinafter set out in this annotation, that the liability of his sureties terminates at any stage of the proceedings at which the prosecution is ended by the discharge of the defendant by the court or by operation of law, or his custody is retransferred to the proper officers of the law."

At page 624 under the title, Conviction, the following statement appears:

"It is generally held that the liability of bail is not terminated by the return of a verdict against the accused.

"Thus, the liability of sureties on a bond conditioned that the defendant appear on the first day of the next term of the court, and not depart without leave, is not terminated by the appearance of the defendant at the time named in the bond, and if he appears and enters a plea of not guilty, and a trial is had, and the jury return a verdict of guilty, and afterwards, and before sentence of judgment is pronounced, he leaves the court room, and is not thereafter seen or heard from, the sureties are liable."

The following statement appears in Lawyers Reports Annotated—1916F, page 364, under the title, Conviction; Escape:

"The general theory of a recognizance or bail bond in a criminal case, and perhaps the common under-

standing, is that the instrument, when fully executed and filed of record, and the prisoner released thereunder, transfers the custody of the prisoner from the public officials who have him in charge, to the sureties on the bond, and imposes upon them, under the penalty named in the bond, the responsibility of producing the body of the prisoner whenever and wherever necessary in the prosecution of the charges that have been made against him. When the custody of the prisoner has been transferred to the sureties, they are responsible, in place of the public officials, until something is done that operates to again transfer the custody and responsibility to some officer of the law, or to discharge him from the custody of the law. The custody and responsibility may be transferred to the officers of the law by the act of the sureties at any time if they deliver the prisoner to the officers and demand a release from the bond. Conviction and sentence, the prisoner being in court, operate as a transfer of the custody and responsibility from the sureties to the officers of the law. Conviction alone is not sufficient to operate as such transfer, since it is by the sentence that the court orders the officer of the law to take the prisoner into his custody. A fortiori, the surety is not released from liability where the prisoner escapes during the trial or during recesses in the trial of causes, or during adjournment of the court from day to day. Of course, a final discharge of the prisoner by the court or an acquittal by the jury releases the surety, since there is no longer any need of keeping the prisoner in the custody of anyone. No doubt many statutes, as well as bail bonds, are so worded that, if given a technical or strictly literal interpretation, they would not cover such a wide scope of time and space as the general theory of a bail bond would indicate. But the courts have, in the main, interpreted statutes and bail bonds in the light of a general theory or with reference to

the purpose intended to be accomplished, rather than to permit technical or narrow phrasing to defeat that purpose. Yet, since the liability of the surety is statutory and as some courts have said, strictissimi juris, the courts sometimes have held quite rigidly to the wording of the statute and of the bond in this respect."

In Commonwealth v. Ross, 6 S. & R. 426, 427, Mr. Chief Justice Tilghman said:

"The recognizance was entered in a short memorandum, as usual—the condition is, 'for defendant's appearance, etc., at my office, the 22d inst. at 4 o'clock P. M.' It was decided by this Court, in the *Commonwealth v. Emory*, 2 Binn. 431, that a short memorandum of this kind is sufficient ground for drawing up the recognizance in full form. By the words, defendant's appearance, etc., I understand defendant's appearance and not departing without leave; there is nothing else to which the etc. can reasonably be applied, and that is the usual form of recognizance. When the recognizance is taken, the condition is verbally repeated to the recognizors, by the alderman, at large, and they are asked, if they are content? The memorandum is but a short statement of what was done. When the etc. is inserted, it serves for a memorandum of the usual words, and not depart without leave. To understand it so, is not to attribute to it more virtue than has been done in many other cases. Lord Coke's authority may be vouched in support of the meaning ascribed to, etc. I have no doubt, that, in the present instance, it may fairly extend to not departing without leave. Upon the whole, I am of opinion, that judgment should be entered for the Commonwealth."

In Commonwealth v. Casper, 6 Pa. C. C. 382, a part of the opinion is as follows:

"In this case, the recognizance was in the usual form, conditioned that the defendant appear at the next term of court of quarter sessions to answer and

not depart said court without leave, etc. The defendant appeared in court and pleaded guilty to assault and battery, and was sentenced by the court to pay a fine of ten dollars and costs. The sentence was imposed just before the adjournment at noon, and neither the sheriff nor any of his officers were present. Immediately upon the assembling of the court after dinner, defendant was called, the sheriff being present, and he was not forthcoming. The recognizance was then forfeited. On the argument of this rule it was claimed by the counsel for the rule that the obligation of the surety had ended when the court had sentenced the defendant. This would undoubtedly be true had the defendant been taken into the custody of the sheriff and then escaped. But the condition of the recognizance was that the defendant was not to depart the court without leave. He was wanted in court until he had either paid the fine and costs or surrendered himself into the custody of the sheriff. He departed before this was done, and therefore the condition of the recognizance was broken. When called in court he was not present. We think the sureties are responsible for the appearance of the defendant at any time during the term he was wanted, unless he is sooner surrendered into the hands of the proper officer. The mere passing of sentence by the court without being in the custody of the officer is not such surrender. We think this recognizance was rightly forfeited."

In Magie's Appeal, 1 Sadler 496, the opinion of the court follows:

"There was no error in the refusal of the court to remit the forfeiture of the recognizance. The condition of the recognizance was that the defendant, charged with the crime, 'should appear at the next court of quarter sessions of the county, and not depart the court without leave.' He did appear, and was tried and convicted. Before being called for sentence,

he departed without leave of the court. Failing to appear when duly called, his recognizance was forfeited at the same sessions of the court. There was an undoubted violation of the condition of the recognizance. It is no answer to say he appeared and was tried. That was a compliance with a part only of the condition. It required him to appear at the same term of the court for sentence consequent on his conviction. This he did not do. His recognizance and that of his bail were, thereupon, duly forfeited at the term designated for him to appear and not depart without leave."

This opinion was affirmed in Boring and Another v. Commonwealth, by the Supreme Court of Pennsylvania, 4 Atl. 738. In this case there was a verdict of guilty of assault and battery. Defendant did not appear for sentence. The opinion of the Supreme Court is:

"For the reasons stated in the opinion just filed in *Magie's Appeal*, ante, 737, this judgment is affirmed."

The question before the court in the instant case was decided by President Judge Prather of the Court of Common Pleas of Crawford County, in Commonwealth v. Limber, 42 Pa. C. C. 678. In that case defendant was charged with desertion and nonsupport. At the May term he was called, and sentenced and ordered to post a compliance bond, and his recognizance and that of his surety was duly forfeited. Subsequently, judgment was confessed against the recognizors. The surety moved to strike off the judgment on the ground that defendant appeared and sentence was pronounced, and an order entered that defendant enter into a recognizance in the sum of $300 to comply with the order. Defendant was afforded an opportunity to secure recognizance to comply with the sentence and the court deferred entering the sentence. The court concluded that although there was a state-

ment after sentence indicating that sentence would be deferred to afford defendant an opportunity of entering a new recognizance as a matter of law, sentence had been imposed. In his opinion Judge Prather said:

"However, we are not persuaded that we have power to grant the relief sought. If equity could prevail over the law, we would be pleased to determine this question in favor of the petitioner. In equity, complainants case, as the beneficiary of this judgment, under the provisions of the act of June 12, 1913, P. L. 502, is without merit.

"In the case of *Com. v. Casper*, 6 Pa. C. C. 382, the facts are similar to the case at bar. The defendant appeared in court and pleaded guilty to assault and battery and was sentenced by the court to pay a fine of $10.00 and costs. The sentence was imposed just before the adjournment at noon, and neither the sheriff, nor any of his officers, was present. Immediately upon the assembling of the court after dinner, defendant was called, the sheriff being present, and he was not forthcoming. As to the responsibility of the sureties, the court said:

" 'But the condition of the recognizance was that the defendant was not to depart the court without leave. He was wanted in court until he had either paid the fine and costs or surrendered himself into the custody of the sheriff. He departed before this was done, and therefore the condition of the recognizance was broken. When called in court he was not present. We think the sureties are responsible for the appearance of the defendant at any time during the term he was wanted, unless he is sooner surrendered into the hands of the proper officer. The mere passing of sentence by the court without being in the custody of the officer is not such surrender.' *Com. v. Teevens* (Mass. S. C.)

9 N. E. 524; *Humphrey v. Kasson*, 26 Vt. 758; *Jackson v. State of Kansas*, 1 Pac. Rep. 317.

"Still another legal obstacle interposes itself against petitioner's motion. 'A motion to strike off a judgment must be on the ground of irregularity appearing on the face of it.' *Commonwealth v. Fogelman*, 3 Pa. Super. Ct. 566; *O'Hara v. Baum*, 82 Pa. 416; *North v. Yorke*, 174 Pa. 349.

"In the case before us, no irregularity is pleaded or suggested, nor is any apparent on the face of the judgment.

" 'The entry of forfeiture of a recognizance stands as a presumption of its regularity.' *Fox v. Com.*, 1 W. N. C. 243; *Com. v. Basendorf*, 153 Pa. 459.

"In a sense, it is an ex parte judgment in favor of the Commonwealth or to use.

" 'Where there is a regular and formal forfeiture of a recognizance, the liability of the recognizors is absolutely fixed thereby and relief therefrom should be sought by petition to the court to respite the recognizance for cause to be shown under the act of 1783.' *Com. v. Fogelman*, 3 Pa. Super. Ct. 566; *Foulke v. Com.*, 90 Pa. 257.

"In *Foulke v. Com.*, 90 Pa. 257, supra, the Supreme Court, speaking of such forfeiture said: 'Here there was a regular formal forfeiture of the recognizance. The liability of the recognizors was absolutely fixed by it.' *Mishler v. Com.*, 62 Pa. 55.

"We are therefore of the opinion that upon the pleadings and proceedings in this case, the rule should be discharged."

Counsel for R. B. McDanel relies on the following cases: Commonwealth v. Angle, 20 D. & C. 491. This case is not in point because defendant appeared for sentence after he had repaid part of the funds converted and defendant was permitted to depart the court upon condition that he pay monthly installments

on account of the money embezzled. In Commonwealth v. Saunders, 76 D. & C. 485, defendant appeared and the district attorney and court agreed that a nolle prosse be entered upon payment of the costs. In Keefhaver v. Commonwealth, 2 P. & W. 240, defendant appeared and was found not guilty and sentenced to pay the costs. The court held that the bondsman could not be held for costs. In Commonwealth v. Summers, 14 Pa. C. C. 159, the court held that bail to appear at the next term could not be extended to a subsequent term. In Mishler v. Commonwealth, 62 Pa. 55, the case was continued and the court held that the continuance created the necessity of a new recognizance. We conclude that the factual situation in each of the cases cited by counsel for R. B. McDanel is different from that in the instant case.

Applying the pertinent rules of law in the factual situation of this case, we conclude that the motion to strike off the judgment must be overruled. One condition of the recognizance is that defendant appear at the term of court next. Defendant complied with this provision. The bond further provides that defendant shall abide and not depart the court without leave. Under the rules of law herein referred to, defendant did not comply with this provision in the recognizance. By its terms the bond required that defendant be in court for trial and *sentence*. Defendant failed to appear for sentence. Therefore, the recognizance remains the binding obligation of R. B. McDanel. The recognizance on its face is regular, and a judgment cannot be stricken from the record except for an irregularity appearing on the face thereof.

*Order*

And now, to wit, July 1, 1952, for the reasons stated in the foregoing opinion, the rule issued at the above term and number to show cause why the judgment should not be stricken from the record is dismissed.